[S. F. No. 1207.   Department Two.—Dec. 19, 1898.]

## VERMONT MARBLE COMPANY, Appellant, v. ANNIE BLACK, Administratrix, Etc., Respondent.

ESTATES OF DECEASED PERSONS—PRESENTATION OF CLAIMS—PROOF REQUIRED IN ACTION PENDING—NONSUIT.—The plaintiff in an action pending against a deceased person at the time of his death, must duly present his claim to the executor or administrator of the estate of the deceased, and cannot recover in his action unless proof of such presentation is made; and upon failure to make such proof upon a trial had against the personal representative of the decedent, the plaintiff is properly nonsuited.

ID.—PENDENCY OF ACTION—DEFAULT JUDGMENT AGAINST DECEDENT—APPEAL—REVERSAL OF ORDER REFUSING TO VACATE.—An action is deemed to be pending until its final determination upon appeal, unless the judgment is sooner satisfied; and when a default judgment rendered against the decedent in his lifetime was finally vacated as the result of an appeal by the administratrix from an order refusing to vacate it, the action remains pending, and the claim of the plaintiff must be presented to the administratrix.

ID.—SATISFACTION OF JUDGMENT—PAYMENT INTO COURT OF PROCEEDS OF SALE.—A judgment against a deceased person, upon which an execution was issued, and property of the estate sold under execution, the proceeds of which were paid into court, pending an appeal by the administratrix, to await the final termina-

tion of the action, is not satisfied, so as to terminate the action within the meaning of section 1049 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Charles W. Slack, Judge.

The facts are stated in the opinion of the court.

F. William Reade, for Appellant.

George C. Sargent, for Respondent.

HENSHAW, J.—Plaintiff brought its action against William Black to recover on four promissory notes executed by the latter. Upon May 31, 1893, judgment by default was given against defendant, and execution was issued and a levy made. William Black died on June 5, 1893, and on July 7, 1893, defendant was duly appointed administratrix of his estate, qualifying upon July 10, 1893. On the fourteenth day of the same month she was substituted as defendant in this action. On July 28, 1893, she moved the court to vacate the default judgment. Upon denial of her motion she appealed, and this court reversed the order of the trial court. (*Vermont Marble Co. v. Black*, 38 Pac. Rep. 512.) After the going down of the remittitur the lower court on defendant's motion vacated the default and permitted her to answer upon terms. Meanwhile, upon November 1, 1893, the sheriff had sold certain property of the estate under his execution levy. The moneys received from the sale were paid into court to await the final determination of the action.

At the trial, after plaintiff had introduced its evidence, defendant moved for a nonsuit upon the ground that plaintiff had not proved the presentation of a claim for its demand against the estate of deceased. It was admitted that no claim had been presented. The court granted the motion, and from the judgment which followed plaintiff appeals.

By section 1502 of the Code of Civil Procedure plaintiff in an action pending against a decedent at the time of his death must duly present his claim to the executor or administrator of the estate of the deceased, and he may not recover in his action unless proof of such presentation be made. "An action is deemed to be pending from the time of its commencement until its final

determination upon appeal . . . . unless the judgment is sooner satisfied." (Code Civil Proc., sec. 1049.)

Appellant first contends that the judgment was "satisfied" within the meaning of section 1049 of the Code of Civil Procedure, by the execution sale, but this position is not tenable. The judgment was not in fact satisfied, and a forced payment by execution sale against a nonconsenting judgment debtor cannot be held to abridge any of his rights upon or under appeal. (*Kenney v. Parks,* 120 Cal. 22.)

The action, then, was certainly pending. (*In re Blythe,* 99 Cal. 472.) But appellant argues that, even if this be the fact, nevertheless it was not necessary for it to present its claim. Herein reliance is had upon *Estate of Paige,* 50 Cal. 40, and *Estate of Brennan,* 65 Cal. 517; but in both of these cases an attempt was made to resist in the probate court the payment of a final judgment of a court of general jurisdiction. In neither of them had the objection of nonpresentation of the claim been advanced in the trial court. Both cases, then, resolved themselves into a question of collateral attack in the probate court upon final judgments rendered by courts of general and competent jurisdiction. In the case at bar, the fact of nonpresentation was first raised in the trial court. It is in all essentials like the case of *Falkner v. Hendy,* 107 Cal. 49, which is decisive of this question. Here, as there, while deploring the hardship, we find ourselves unable to save plaintiff from the consequences of its neglect.

The judgment appealed from is affirmed.

Temple, J., and McFarland, J., concurred.