[L. A. No. 16768.   In Bank.—April 24, 1941.]

MAY BROCHIER, Respondent, v. DORVILLE J. BROCHIER, Appellant.

Richard Kittrelle, Hare & Walden and Robert E. O'Neill for Appellant.

Marion P. Betty for Respondent.

CARTER, J.—This is an appeal from an order denying a motion to vacate certain orders made by the trial court after the entry of an interlocutory decree of divorce. On May 17, 1937, an interlocutory decree of divorce was entered in favor of plaintiff on the grounds of adultery and extreme cruelty. That decree has never been modified and no appeal having been taken therefrom it is now final. No provision for alimony was made therein. It provided for a division of the community property of the plaintiff and defendant, in part as follows:

"It is . . . decreed that plaintiff . . . does . . . by these presents have and recover all property of the community of whatsoever kind or nature and wheresoever located, whether described in the pleadings or not, as her sole and separate estate with the exception of the following property which is hereby . . . decreed to be community, to-wit: (1) The beer parlor . . . (2) One Plymouth automobile . . . (3) And one Metropolitan Life Insurance Policy . . . " The decree awarded the above particularly described excepted property to defendant. It was also decreed that plaintiff owned at the time of her marriage as her separate property $2,000 in cash, a Dodge sedan, certain described real property and "Barber shop equipment." Defendant was ordered to refrain from molesting, talking to, harrassing, etc., plaintiff. Finally the decree provided:

"IT IS . . . DECREED, that all the rest of the property described in the said pleadings, together with all other property, wheresoever found or to be found, situated or located, in which the defendant claims any interest, either as his separate estate or as community property, is hereby awarded to the plaintiff, as her sole and separate property and estate." Plaintiff in her complaint claimed as her separate property, among other things, "a beauty parlor establishment with equipment therein". Thereafter, a satisfaction of judgment dated July 1, 1937, and executed and acknowledged by plaintiff's attorney, was filed with the clerk of the trial court on July 2, 1937, and entered on July 6, 1937. It provided, in part:

"The judgment herein having been paid, full satisfaction is hereby acknowledged of said Judgment entered . . . (de-

scribing it) . . . and the Clerk is hereby authorized and directed to enter full satisfaction of record in said action.'' On October 18, 1937, the court issued an order directing defendant to show cause why he should not be punished for contempt for violation of said decree, based upon plaintiff's affidavit of harrassment by defendant and that defendant had collected the sum of $66.50 on an appeal bond in a small claims court action, which money plaintiff claimed was awarded to her by the decree. By minute order entered on November 5, 1937, the court adjudged defendant guilty of contempt for harrassment of plaintiff, and at the end thereof stated ''Defendant is $66.50 in arrears. Defendant is ordered to pay plaintiff $5.00 per month on arrearage, commencing November 15, 1937''. On November 12, 1937, the court made an *ex parte* order directing the issuance of a writ of possession for a ''permanent wave machine and protectors and curlers'' in defendant's possession, on plaintiff's motion supported by affidavit in which she claimed the same under the omnibus clause of the decree hereinabove quoted. The writ issued and plaintiff was thereby put in possession of the permanent wave machine. Pursuant to notice of motion filed March 18, 1938, defendant moved the court to vacate the contempt order of November 5, 1937, in respect to the payment of $66.50, and the order for the writ of possession. Plaintiff obtained an order to show cause why defendant should not be punished for contempt for failure to pay the sum of $66.50, by affidavit filed on March 24, 1938. Defendant filed an affidavit in support of his motion to vacate setting forth the above-mentioned satisfaction of judgment and claiming that the sum of $66.50 and permanent wave machine were his separate property and were not included nor mentioned in the interlocutory decree. Plaintiff filed no counter affidavit. The motion and contempt hearing were considered at the same time and on April 6, 1938, the court made a minute order denying the motion and ordering defendant to pay plaintiff the sum of $66.50 in 30 days and the contempt proceeding was continued until May 6, 1938. The appeal is on the judgment roll alone and there is no record of any evidence having been taken at the hearing.

■ The basis of defendant's motion to vacate the orders and of this appeal is that the court lacked jurisdiction and the orders were void on their face because the sum of $66.50

and permanent wave machine were not particularly described or mentioned in the decree and that the satisfaction filed, as above stated, precluded plaintiff from obtaining such orders. Plaintiff has not filed a brief on this appeal.

The appellant's contention in reference to the effect of the satisfaction of judgment must be sustained. It is to be noted that the satisfaction was filed prior to both of the orders of the trial court which were attacked on defendant's motion to vacate the above-mentioned orders. At the time those orders were made, the one commanding the payment of the sum of $66.50 and the other for a writ of possession for the permanent wave machine, the satisfaction was on file and had been entered by the clerk. As far as the record shows, there was no mention in any of the proceedings for those orders of the satisfaction of judgment. Plaintiff and defendant stipulated that the record before this court contains the entire record, and the trial court in its certification to the record states that such record "constitutes the entire record used in the foregoing proceedings". The satisfaction has never been vacated or set aside, and further, defendant in his affidavit in support of his motion to vacate the orders, stated:

"That on the 2nd day of July, 1937, the plaintiff filed in this case a satisfaction of judgment, executed by Marion P. Betty as attorney for plaintiff, that said satisfaction of judgment fully satisfied the judgment in this case; that no motion was ever made to have set aside the said satisfaction of judgment. . . . Further, that the said orders were made without considering the satisfaction of judgment entered on behalf of the plaintiff prior to the making of the orders." That affidavit stands uncontradicted as plaintiff filed no counter affidavit. The motion for the order for a writ of possession was made *ex parte* and defendant was never notified thereof and no hearing was had on the merits.

The general principle is well settled that a satisfaction of judgment is the last act and end of the proceedings. (*Union Lithograph Co.* v. *Bacon,* 179 Cal. 53 [175 Pac. 464]; *Estate of Baby,* 87 Cal. 200 [25 Pac. 405, 22 Am. St. Rep. 239]; *Storke* v. *Storke,* 132 Cal. 349 [64 Pac. 578]; *La Fleur* v. *M. A. Burns Lumber Co.,* 188 Cal. 321 [205 Pac. 102].) Undoubtedly a satisfaction of judgment which has been filed and entered may be set aside by appropriate proceedings for proper cause (15 Cal. Jur. 273); but the satisfaction here

was not vacated, and it was executed in the manner prescribed by section 675 of the Code of Civil Procedure. As a sale under an execution issued on a satisfied judgment is void (*Reynolds* v. *Lincoln,* 71 Cal. 183 [9 Pac. 176, 12 Pac. 449]), *a fortiori* an order for the issuance of an execution under a judgment which is satisfied, is likewise void. We believe it is clear that the satisfaction here involved was a sufficient acknowledgment by plaintiff that she had received from the defendant all of the property to which she was entitled under the interlocutory decree of divorce. The orders for the writ of possession and payment of the sum of $66.50 were improper. ■ It cannot be said that the order for the issuance of the writ of possession included a determination that the satisfaction was not a bar thereto because, as we have seen, it was *ex parte* and defendant had no opportunity to be heard. The subject is tersely treated in *Salveter* v. *Salveter,* 11 Cal. App. (2d) 335, 337 [53 Pac. (2d) 381], as follows:

"The so-called order to issue an execution was not a judgment on the merits against the plaintiff. It was . . . a direction by the court to its clerk to issue the execution. It is a fundamental rule that a writ of execution must be founded on a valid and subsisting judgment which has not been satisfied. (11 Cal. Jur. 43, and cases cited.) Payment of a judgment satisfies it and extinguishes it."

In view of the foregoing conclusion it is unnecessary to consider defendant's further contention that the interlocutory decree did not sufficiently describe the permanent wave machine or mention the sum of $66.50.

The order appealed from denying the motion to vacate the orders made by the trial court after the judgment was satisfied, is reversed.

Shenk, J., Traynor, J., Curtis, J., and Edmonds, J., concurred.