[Civ. No. 12985.   Second Dist., Div. Two.   July 10, 1941.]

H. W. EVERTS, Respondent, v. C. A. MATTESON et al., Defendants; RAYMOND H. VANDERBUSH et al., Appellants.

A. P. G. Steffes for Appellants.

Edmund Nelson, John E. Walter, Freston & Files and James A. McLaughlin for Respondent.

McCOMB, J.—This is a motion to dismiss the above entitled appeal on the ground that appellants have voluntarily paid the amount of the judgment rendered against them in

the trial court, thereby rendering the questions on appeal moot.

These are the essential facts:

Respondent recovered a judgment against appellants in the principal sum of $2,635.28, together with interest at 7% from June 24, 1938, and costs in the sum of $33.30. At the time of the judgment respondent held under attachment in the Security First National Bank of Los Angeles money of appellants in the sum of $4,000. After the judgment was entered appellants' attorney asked respondent's attorney to cause a writ of execution to be levied upon the money in the bank, which respondent's attorney refused to do, stating that he did not know the amount of the costs that would be recoverable upon appeal, or, should a new trial be granted, the amount of the ultimate cost.

Thereafter appellants' attorney caused the Security First National Bank to pay the money which they held under attachment to the Sheriff of Los Angeles County, and appellants made demand upon the Sheriff of Los Angeles County that he pay the judgment in full and deliver the balance to appellants. This the sheriff did by drawing a warrant to the order of respondent in the sum of $3,119.96 and paying the balance to appellants. The sheriff likewise satisfied the judgment of record.

This is the sole question necessary for us to determine:

*Did appellants voluntarily satisfy the judgment which had been rendered against them?*

This question must be answered in the negative. It is the general rule that voluntary payment and satisfaction of a judgment terminates the litigation for all purposes, renders the questions on appeal moot and warrants the dismissal of the appeal (*Estate of Shaver,* 131 Cal. 219, 221 [63 Pac. 340]).

This rule is qualified by the rule that an enforced satisfaction of a judgment does not prevent the prosecution of an appeal (*Hartke* v. *Abbott,* 106 Cal. App. 388, 391 [289 Pac. 206]). The present case falls within the qualification to the general rule. Respondent held $4,000 of appellants' money under attachment. It is clear that he was not entitled to the entire sum. Since respondent refused to levy an execution upon the money under attachment, in order to gain pos-

session of the excess funds due them, appellants' only recourse was to make a demand upon the sheriff to pay the judgment. Thus, the payment of the judgment and satisfaction thereof was not voluntary upon the part of the appellants, since they were compelled to take the steps resulting in these acts, in order to obtain a sum of money rightfully due them.

For the foregoing reasons the motion to dismiss the appeal is denied.

Moore, P. J., concurred.

A petition for a rehearing was denied July 22, 1941, and respondent's petition for a hearing by the Supreme Court was denied August 28, 1941.