[Civ. No. 15357.   Second Dist., Div. One.   Aug. 8, 1946.]

H. F. METCALF, as Trustee, etc., Respondent, v. JOHN DREW et al., Defendants; J. A. CHARLESWORTH Appellant.

Buel R. Wood and Philbrick McCoy for Appellant.

Max I. Bernstein for Respondent.

WHITE, J.—On August 16, 1943, plaintiff and respondent herein, H. F. Metcalf, as trustee of F. P. Newport Corporation, Ltd., a corporation, bankrupt, instituted an action in the Superior Court of Los Angeles County against appellants, J. A. Charlesworth and John Drew, and other defendants not now parties, to recover secret profits, for damages and for other equitable relief.

After setting forth that the F. P. Newport Corporation, Ltd., a corporation, was adjudicated a bankrupt on January 12, 1937, by the District Court of the United States for the Southern District of California, Central Division, and that plaintiff was duly appointed the trustee in bankruptcy of the estate of said bankrupt corporation, qualified as such trustee, and at the time of the commencement of the action was qualified and acting trustee in bankruptcy of the estate of said bankrupt corporation, the complaint alleged that plaintiff, since his appointment as such trustee in bankruptcy, was the owner and in possession of certain real property situate in the city of and county of Los Angeles. It was then alleged that the defendant J. A. Charlesworth was at all times a duly licensed real estate broker under the laws of the State of California and was actually engaged in the transaction of a real estate brokerage business. During the month of November, 1941, plaintiff informed the defendant Charlesworth that as such trustee he had for sale a 300-acre tract of unimproved land in the San Fernando Valley, of which the property described in the complaint was a portion; that such property was an asset of the bankrupt estate and that a sale of said property would be made to the highest and best bidder, subject to the approval of the court having jurisdiction of the bankrupt estate. It is then alleged that during the month of November, 1941, and prior to the 28th day thereof, plaintiff as such trustee and defendant Charlesworth in his capacity as a licensed real estate broker made and entered into an agreement whereby it was mutually agreed that defendant Charlesworth should undertake to procure an offer for said entire tract or some part thereof, and it was also agreed that if any sale was made to any purchaser found by Charlesworth, upon approval and confirmation of any such sale by the bankruptcy court, plaintiff would pay Charlesworth for his ser-

vices in negotiating and consummating any such sale the usual 5 per cent commission, subject to authorization and approval of such payment by the bankruptcy court; that on or about November 28, 1941, defendant Charlesworth submitted to plaintiff an offer signed by defendant John Drew, offering to purchase said real property for a total consideration of $87,135. The complaint then recites that on December 17, 1941, plaintiff filed in the court having jurisdiction of the bankruptcy proceeding a petition for authority to sell and confirmation of sale of said property to said defendant John Drew for the aforesaid sum and for authority to pay a commission of $4,357 to defendant Charlesworth if the sale was confirmed; that on January 29, 1942, after said property had been offered in open court to the highest and best bidder and no bid other than that of defendant Drew had been received, an order was duly made by the court authorizing the sale of the aforesaid property to John Drew as the highest and best bidder for the sum of $87,135, payable $20,000 in cash and the balance to be represented by a promissory note for $67,135 secured by a deed of trust on the said property. The sum of $20,000 was paid to plaintiff by defendant John Drew and the latter and his wife executed and delivered to plaintiff their promissory note for $67,135, together with a deed of trust executed by them covering the aforesaid property, securing payment of said promissory note.

The complaint then alleges on information and belief that on or about December 11, 1941, defendant Charlesworth had received from the defendants H. H. Hagge and Lilly J. Hagge an offer in writing to purchase said real property for a total consideration of $174,270, and that prior to the confirmation of the sale to John Drew the defendant Charlesworth received from the defendants Hagge a revised offer to purchase said property for the last-mentioned sum, a copy of which revised offer was attached to and made a part of the complaint; that said offer was purportedly accepted and approved by defendant John Drew as alleged owner on or about January 16. The complaint then alleges that defendant Charlesworth did not communicate to plaintiff the said offers of December 11, 1941, and January 16, 1942, or either of them, and did not inform plaintiff or the court having jurisdiction of the bankruptcy proceeding of the said offers or either of them, and that plaintiff had no knowledge of the same until about August 4, 1943.

It is then alleged on information and belief that on or about December 11, 1941, defendants Charlesworth and Drew entered into a plan, agreement and conspiracy between themselves to fraudulently conceal from the plaintiff and said bankruptcy court the fact that the defendants Hagge were willing to pay and had offered to purchase said real property for $174,270, and to prevent defendants Hagge from acquiring knowledge of the pendency of the sale of said property in the bankruptcy proceeding and to prevent them from becoming bidders for said property at the bankrupt sale thereof; that said defendants Charlesworth and Drew knew at all times of the pendency of said bankruptcy proceedings and of the fact that the property was being offered for sale to the highest and best bidder but did "fraudulently conceal, and with intent to deceive, cheat and defraud plaintiff and the bankrupt estate, the fact that the said defendants H. H. Hagge and Lilly J. Hagge had agreed to purchase the said property for a total consideration of $174,270.00; all to the damage of plaintiff and said bankrupt estate and the creditors thereof in the sum of $87,135.00."

The complaint then alleged on information and belief that the $20,000 allegedly paid to plaintiff on account of the purchase price of said property by John Drew was in fact, without the knowledge of plaintiff, paid by the defendants Hagge, and that said defendants Hagge had executed their promissory note in the sum of $164,270, dated March 7, 1942, and that certain of the payments, to wit, $10,000, credited on said note, constituted a portion of the $20,000 paid to plaintiff as above mentioned. The complaint further alleged on information and belief that defendant Charlesworth had an interest in the note executed by defendants Hagge to the extent of $87,135, which amount was to be paid to him out of payments made on said note by defendants Hagge through an escrow which had been established. It was further charged that defendant Charlesworth had received on account a sum in excess of $10,000.

It was further alleged that prior to the confirmation of the sale of said property in the bankruptcy proceeding to defendant John Drew and subsequent to December 17, 1941, the defendant Charlesworth represented and stated to plaintiff that the offer made by defendant John Drew to purchase the property was the highest and best offer that Charlesworth had received or had been able to obtain for said property;

that said representation and statement were false in that defendant Charlesworth had received from defendants Hagge the offers hereinbefore set forth and that "said representation and statement was known by said Charlesworth to be false and untrue and was made with intent to deceive plaintiff and the bankrupt estate and in furtherance of the said scheme, plan and conspiracy to defraud plaintiff and said bankrupt estate and the creditors thereof."

It is further alleged in the complaint that defendant Charlesworth falsely represented to plaintiff that the offer to purchase said property made by defendant John Drew was in fact made by him and that said John Drew was a responsible person and had the financial ability to carry out the offer, when in truth and in fact "said John Drew was merely a dummy or agent or tool for the defendant Charlesworth; and that said defendant Charlesworth was in reality the party making said offer in the name of John Drew and that the defendant John Drew was not a man of responsibility and was without financial ability to carry out the said offer." It was further alleged that plaintiff believed and relied upon the representation and statement of Charlesworth and had he known the falsity thereof he would not have filed the petition for authority to sell or for confirmation of sale of said real property to defendant John Drew.

The defendants J. A. Charlesworth and John Drew, with whom we are here concerned, by their answers denied each and every allegation of fraud contained in plaintiff's complaint, denied the receipt of any secret profit by defendant Charlesworth, denied that the offer of sale was not actually made by John Drew or that John Drew was "merely a dummy or agent or tool of the defendant Charlesworth," or that defendant Charlesworth was in reality the party making such offer in the name of John Drew.

The cause proceeded to trial before the court sitting without a jury, at the conclusion of which findings of fact were filed wherein the court found that plaintiff's allegations of a conspiracy and the purposes thereof were true; that the charges of fraud and deceit made in plaintiff's complaint were also true; that defendant Charlesworth violated his duty and obligation to disclose fully to plaintiff each and every offer received for said property, and that in disregard of their duty and obligation the defendants, including defendant Charlesworth, "fraudulently and corruptly entered into

the agreement, plan and conspiracy as hereinbefore found." From such findings of fact the court framed conclusions of law whereby judgment was ordered against defendants Charlesworth and Drew and each of them in the sum of $82,778.75. In accordance with the foregoing, such judgment was duly signed June 25, 1945, and entered and docketed the following day.

From such judgment the defendant J. A. Charlesworth perfected his appeal and caused to be filed in this court the reporter's and clerk's transcripts. Subsequent thereto, on May 2, 1946, said appellant Charlesworth filed in this court his opening brief. The record reflects that while defendant John Drew gave due notice of appeal in the trial court, he failed to perfect the same.

On May 28, 1946, E. A. Piller, the assignee of H. F. Metcalf as trustee of F. P. Newport Corporation, Ltd., bankrupt, plaintiff and respondent, filed in this court a notice of motion to dismiss the appeal filed herein. Said motion to dismiss was predicated on the following grounds: "1. That said judgment against the appellants, J. A. Charlesworth and John Drew was on the 24th day of May, 1946, satisfied in full by the filing of a satisfaction of judgment signed by the attorney for E. A. Piller, the present judgment creditor in said case. 2. By reason of the said judgment being satisfied, the appeals have become moot." The motion to dismiss was based upon the affidavit of said E. A. Piller, filed concurrently with the motion, in which affidavit it was averred that, as the assignee of said H. F. Metcalf, trustee, on the 4th day of May, 1946, he caused his attorney to file the aforesaid satisfaction of judgment in said cause. There was also filed in this court, as part of the record on the motion to dismiss the appeal, a certified copy of an assignment of judgment executed by the aforesaid plaintiff and respondent H. F. Metcalf as trustee, under date of October 26, 1945, whereby, pursuant to an order made by the referee in bankruptcy in the matter of F. P. Newport Corporation, Ltd., bankrupt, said H. F. Metcalf as trustee in bankruptcy and as plaintiff and judgment creditor, assigned, transferred and set over unto Emanuel A. Piller all right, title and interest of said trustee in bankruptcy in and to the judgment made and entered in this action in favor of plaintiff and against the defendants John Drew and J. A. Charlesworth in the sum of $82,778.75. It is noteworthy that the consideration for such assignment was the sum of only $10,000.

On June 11, 1946, appellant J. A. Charlesworth caused to be filed in this court a "notice of motion for dismissal of appeal and action," in which notice of motion it is set forth that pursuant to the aforesaid order of the referee in bankruptcy, the judgment herein was sold to said Emanuel A. Piller for the sum of $10,000; that while said Emanuel A. Piller is the nominal holder and owner of said judgment, the real party in interest is appellant Charlesworth's coappellant, John Drew. It is then set forth that on April 13, 1945, Charlesworth recovered a judgment against appellant Drew in the sum of $30,699.62 in the Superior Court of Los Angeles County in an action entitled "*H. H. Hagge* v. *John Drew*"; that said John Drew appealed from said judgment, and that thereafter said judgment was affirmed in part and reversed in part by Division Three of the Second District Court of Appeal.

Appellant Charlesworth then sets forth that he filed his notice of appeal in the instant case, and duly prosecuted the same at a cost of more than $1,200 for preparation of the transcripts and printing of a brief; that said John Drew also filed his notice of appeal, but took no steps to perfect the same. It is then set forth that subsequent to the rendition of the judgment in the instant case a copy of the findings of fact and conclusions of law were filed with the Real Estate Commissioner of the State of California, who issued an order to show cause directed to appellant Charlesworth to appear before said Real Estate Commissioner and show cause why his real estate broker's license should not be revoked; that said order to show cause in part alleges, "That on the 25th day of June, 1945, a fraud judgment was obtained by H. F. Metcalf, as trustee of the H. P. Newport Corporation, Ltd., a bankrupt, in the Superior Court of Los Angeles County in the sum of $82,778.75 and that Joseph W. Vickers, Judge of the Superior Court of Los Angeles County, signed the findings of fact and conclusions of law in the aforementioned action." Appellant Charlesworth then sets forth "that the hearing under the order to show cause above referred to has been continued from time to time awaiting the disposition of said appeal prosecuted, as aforesaid, by your movant."

Appellant Charlesworth's notice of motion further sets forth in Paragraph VI thereof the following:

"That on or about February 25, 1946, and at a time when the appeals referred to herein were pending, this Movant

was approached by Samuel DeGroot, attorney for John Drew, who, at that time, suggested to this Movant that he and John Drew compose their differences by dismissing all pending litigations between them irrespective of the amounts involved.

"That as the attorney for John Drew he controlled the appeal in the instant case and if Movant would agree to the dismissal of all pending litigations, he, DeGroot, would stipulate with Movant's counsel that the appeal in the instant case would be reversed and subsequently dismissed and Movant would avoid the effect of the fraud charged against him as alleged herein."

Appellant Charlesworth further states in his notice of motion that at all times prior to the conversation just referred to he had no knowledge or information that defendant John Drew was the real party in interest in the ownership of said judgment and that E. A. Piller was but the nominal holder thereof; and further, that he refused the aforesaid request and informed the attorney making the same that "he was in no manner guilty of the fraud found against him . . . and intended to prosecute his appeal to secure his vindication of the fraud. Thereafter, and in good faith, he served and filed his opening brief in said appeal."

On the hearing in this court at the time the motions to dismiss were made pursuant to the aforesaid notices, Attorney Samuel DeGroot appeared before the court, and with reference to the foregoing conversation allegedly held on February 25, 1946, between himself and appellant Charlesworth, said:

"My only purpose in being here this morning is in connection with the allegations contained in Paragraph VI of the motion" (hereinbefore set forth). . . .

"At that particular time there was a judgment against Mr. Drew by this movant, Mr. Charlesworth, in the sum of thirty or thirty-one thousand dollars, then on appeal. That judgment was reversed in the greatest portion, leaving a judgment of between four and·five thousand dollars, with interest and costs. I did approach Mr. Charlesworth and Mr. Hagge at that time in the nature of a compromise only, that if we satisfied one judgment against the other I would cooperate and see that this appeal was dismissed and that they would not have anything to worry about so far as the judgment is concerned, or words to that effect.

"I have not any interest in the motion before the court

that Mr. Wood (Charlesworth's attorney) has just presented, because I am not a party to the action any more. I am only interested in making my position clear, that in a spirit of compromise I suggested that to these gentlemen when I met them on the street accidentally. . . ."

In his notice of motion to dismiss appellant Charlesworth further sets forth "that the satisfaction of said judgment referred to in respondent Piller's motion to dismiss said appeal was directed to be entered by John Drew or his counsel with his consent. That the said Piller received no money or other thing of value from John Drew for the issuance of said satisfaction and the filing thereof. That the motion to dismiss this appeal, heretofore served upon this movant, was not filed in good faith, and the dismissal of said appeal is sought for the purpose of giving said judgment a finality and making same and the facts and conclusions thereof res adjudicata against this movant in the matter of the revocation of movant's license as a real estate broker."

When, pursuant to the foregoing notices of motion to dismiss, the parties appeared in court to make their respective formal motions, E. A. Piller, the assignee of respondent H. F. Metcalf, trustee, moved that the appeal be dismissed, while appellant Charlesworth moved "to dismiss said appeal No. 15357 pending in this honorable Court, and when said dismissal is remitted to the lower court an order be made to enter a judgment of dismissal."

Appellant Charlesworth's contentions that E. A. Piller, assignee of the judgment creditor, H. F. Metcalf, trustee, was but a nominal holder of the assigned judgment, and that the real party in interest in the ownership of said judgment was the codefendant John Drew, are not controverted, nor is the claim of Charlesworth that he recovered a judgment against the codefendant in another action in the total amount of $36,699.62 in the Superior Court of Los Angeles County, disputed. (Except by the foregoing statement of Attorney DeGroot that it was reduced to four or five thousand dollars.) There is no denial of the claim that the findings of fact and conclusions of law in the instant case were filed with the Real Estate Commissioner of the State of California and that the latter issued an order to show cause directed to said appellant Charlesworth to appear and show cause why his real estate broker's license should not be revoked because of the fraud judgment obtained against him in the instant ac-

tion. We have examined the opening brief filed by appellant Charlesworth, and have no hesitancy in saying that the same presents substantial and debatable questions for determination upon the appeal regularly taken from the judgment herein.

We are therefore confronted with a situation wherein a fraud judgment has been obtained against the holder of a real estate broker's license and a codefendant; the codefendant purchases such judgment, allegedly in the name of another party, but himself being the real party in interest; the real estate broker has a judgment in another action against his codefendant; when said codefendant in the instant action purchased from the judgment creditor therein all right, title and interest in and to such judgment, he caused a satisfaction thereof to be entered in the superior court, and thereupon, as successor in interest of the original respondent, in the name of the nominal assignee of said respondent, he causes to be made a motion to dismiss an appeal taken by the codefendant real estate broker upon the ground that by reason of the satisfaction of the judgment the appeal presents a moot question; and where the real estate broker is faced with charges preferred against him by the Real Estate Commissioner on the basis of the findings of fact made against him in the trial of the case in which he has taken and prosecuted an appeal to this court.

All present parties to this litigation concede that when a question on appeal becomes moot the appeal should be dismissed, but appellant Charlesworth contends that in a case presenting the facts here set forth substantial justice requires a consideration of the consequences to follow a mere dismissal of the appeal; that in the instant case a mere dismissal would give the judgment a finality binding on him and would preclude him from defending himself against the charges made against him by the Real Estate Commissioner as a basis for the revocation of his license. In other words, were this appeal to be dismissed and the judgment of the court below to become final, a denial by appellant of the charges made against him before the Real Estate Commissioner would be of no avail. He therefore requests that in our order of dismissal we direct a dismissal of the action in the court below, thereby enabling him to present a defense to the charges made against him before the Real Estate Commissioner.

In support of his motion to dismiss the appeal with direc-

tions to the court below to dismiss the cause therein, appellant Charlesworth directs our attention to the case of *City of San Antonio* v. *Brown* (Tex.Civ.App.), 50 S.W.2d 344, wherein the court said:

"It appears that the question presented in this appeal is moot.

"Ordinarily, in such cases, it would be sufficient to dismiss the appeal. To do so in this case, however, would leave the judgment appealed from intact, so that it could be pleaded in future as res adjudicata of the right, authority, and power of the city of San Antonio to legislate by ordinance relating to the use and occupation of public places such as that here involved, to the prejudice of one or both parties.

"In such cases the better practice seems to be to dismiss the cause from the court below as well as this court. . . . (Citing Texas cases.)"

However, we do not deem it necessary to here determine the question of whether the appellate tribunal can dismiss an appeal with directions to the trial court to dismiss the action, because it is the established law in this state that the general rule that the voluntary satisfaction of a judgment deprives a party of the right of appeal is subject to certain well established principles of law. (*Hartke* v. *Abbott,* 106 Cal.App. 388, 391 [289 P. 206].) In a case of voluntary satisfaction, deprivation of the right to appeal ensues only when it is shown that the payment of the judgment was by way of compromise or with an agreement not to take or prosecute an appeal. (*Warner Bros. Co.* v. *Freud,* 131 Cal. 639 [63 P. 1017, 82 Am.St.Rep. 400].) In the instant case we are not confronted with a voluntary satisfaction of a judgment in the superior court, but a case wherein, without either the consent or knowledge of appellant Charlesworth, the judgment was satisfied by the substituted respondent. Under circumstances such as we have here, clearly showing as they do that the judgment was satisfied against the will of appellant Charlesworth, section 1049 of the Code of Civil Procedure cannot be invoked to impair or destroy his right of appeal. (*Hartke* v. *Abbott, supra,* p. 391.)

In the case before us the superior court judgment was not final when it was satisfied, because an appeal was pending. Were we to dismiss this appeal and such dismissal become final, it would amount to an affirmance of the judgment. By such affirmance, appellant Charlesworth would be forever

precluded from having an appellate court determine whether the evidence supports the findings adjudging him guilty of fraud and whether claimed errors of law occurring at the trial were prejudicial to him in his defense to the charges lodged against him in plaintiff's complaint. Furthermore, under the peculiar circumstances surrounding the acquisition of the judgment by Piller, the substituted respondent, and its satisfaction by him, we are constrained to hold that appellant Charlesworth's right to an appeal cannot thereby be abridged. To hold otherwise would be manifestly unjust to such appellant, for it would foreclose him from in any way defending against the accusation made against him before the Real Estate Commissioner in the proceeding to revoke his real estate broker's license on the ground that "a fraud judgment" was obtained against him in the instant case—the validity of which judgment he challenges upon this appeal. Courts should never lend their aid to the possible achievement of injustice. Law and good morals should be one and inseparable. Both law and good morals dictate that satisfaction of a judgment under the conditions here present—unusual to say the least—should not preclude appellant Charlesworth from prosecuting an appeal taken by him in good faith to vindicate rights vital to him. ▮▮ Notwithstanding the satisfaction of the judgment by the substituted respondent, whether he be the nominal or real holder thereof, we hold that the questions raised on this appeal cannot be considered as entirely moot, because satisfaction of the judgment was not occasioned by any payment thereof by appellant Charlesworth or any conduct upon his part acquiescing therein, but on the contrary, such satisfaction was caused to be entered without his consent and against his will. The appeal should be determined upon its merits.

The motion of E. A. Piller, judgment creditor and substituted respondent, to dismiss the appeal, and the motion of appellant J. A. Charlesworth to dismiss the appeal with directions to the superior court to dismiss the action therein, are, and each is, denied.

York, P. J., and Doran, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 1, 1946.