237 P.2d 6]

[L. A. No. 21881.  In Bank.  Nov. 2, 1951.]

JOHN J. REITANO, Appellant, v. LEON R. YANKWICH
et al., Respondents.

Aaron Sapiro and Edwin M. Rosendahl for Appellant.

David Mellinkoff for Respondents.

CARTER, J.—Plaintiff and appellant commenced an action for libel and slander against two defendants. A judgment of dismissal, that plaintiff take nothing and pay costs and counsel fees was rendered as to defendant Yankwich following the sustaining of demurrers. Thereafter, a similar judgment was rendered as to defendant Cheleden. After entry of the first judgment, Yankwich's counsel wrote to plaintiff's counsel demanding payment of the costs and attorney's fees or otherwise he would be "forced" to levy execution. Plaintiff's attorney replied by letter enclosing the amount of the costs and attorney's fees, and stating that he understood it would cover the costs. Yankwich's counsel received the payment and filed a satisfaction of judgment.

Plaintiff appeals from both judgments. Yankwich moves to dismiss the appeal as to him on the ground that a satisfied judgment will not be reviewed on appeal.

It has been generally stated that the voluntary satisfaction of a judgment forecloses the right to have it reviewed on appeal. The problem has been discussed as involving a moot question, the lack of the existence of a controversy, inconsistency of position and that a satisfaction of judgment puts an end to the case. In many of the cases where the statement has been made the rule being applied is: "That the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal therefrom. . . . [It] has no application where the benefits accepted are such that appellant is admittedly entitled to them or would not be affected or put in jeopardy by the appeal." (*Schubert* v. *Reich,* 36 Cal.2d 298, 299 [223 P.2d 242].) (See *Stein* v. *Simpson,* 37 Cal.2d 79 [230 P.2d 816] ; *In re Baby,* 87 Cal. 200 [25 P. 405, 22 Am.St.Rep. 239] ; *People* v. *Burns,* 78 Cal. 645 [21 P. 540] ; *Estate of Shaver,* 131 Cal. 219 [63 P. 340] ; *Patterson* v. *Keeney,* 165 Cal. 465 [132 P. 1043, Ann.Cas. 1914D 232] ; *Warner Bros. Co.* v. *Freud,* 131 Cal. 639 [63 P. 1017, 82 Am.St.Rep. 400] ; *Preluzsky* v. *Pacific Co-operative C. Co.,*

195 Cal. 290 [232 P. 970]; *Mt. Shasta Power Corp.* v. *Dennis,* 66 Cal.App. 186 [225 P. 877]; *Union Lithograph Co.* v. *Bacon,* 179 Cal. 53 [175 P. 464]; *Graham* v. *Alchian,* 51 Cal.App. 263 [197 P. 134]; *Morton* v. *Superior Court,* 65 Cal. 496 [4 P. 489].)

A distinction has been made, however, between an appellant receiving the fruits of a judgment and one paying a judgment. (*Hartke* v. *Abbott,* 106 Cal.App. 388 [289 P. 206]; *Patterson* v. *Keeney, supra,* 165 Cal. 465; *Union Lithograph Co.* v. *Bacon, supra,* 179 Cal. 53; *Warner Bros. Co.* v. *Freud, supra,* 131 Cal. 639.)

■ Thus when there has been a payment of the judgment by the appellant, he does not lose his right to appeal if it is compulsory, such as under execution or other coercion. (*Hallett* v. *Slaughter,* 22 Cal.2d 552 [140 P.2d 3]; *Alamitos Land Co.* v. *Shell Oil Co.,* 217 Cal. 213 [17 P.2d 998]; *Buckeye Refining Co.* v. *Kelly,* 163 Cal. 8 [124 P. 536, Ann.Cas. 1913E 840]; *Kenney* v. *Parks,* 120 Cal. 22 [52 P. 40]; *Knight* v. *Marks,* 183 Cal. 354 [191 P. 531]; *Sunset Lumber Co.* v. *Bachelder,* 167 Cal. 512 [140 P. 35, Ann.Cas. 1916B 664]; *Patterson* v. *Keeney, supra,* 165 Cal. 465; *Vermont Marble Co.* v. *Black,* 123 Cal. 21 [55 P. 599]; *Yndart* v. *Den,* 125 Cal. 85 [57 P. 761]; *Warner Bros. Co.* v. *Freud, supra,* 131 Cal. 639; *Preluzsky* v. *Pacific Co-operative C. Co., supra,* 195 Cal. 290; *Hartke* v. *Abbott, supra,* 106 Cal.App. 388; *Burgess* v. *California Mut. B. & L. Assn.,* 210 Cal. 180 [290 P. 1029]; *Levin* v. *Saroff,* 54 Cal.App. 285 [201 P. 961]; *Everts* v. *Matteson,* 46 Cal.App.2d 14 [115 P.2d 207].)

Where the payment is voluntary this court has recently stated the rule: "It is established in this state that the general rule that the voluntary satisfaction of a judgment deprives a party of the right of appeal is subject to certain other well-settled principles of law. . . . In the case of voluntary satisfaction of a judgment, deprivation of the right to appeal ensues only when it is shown that the payment of the judgment was by way of compromise or with an agreement not to take or prosecute an appeal." (*Estate of Merrill,* 29 Cal.2d 520, 524 [175 P.2d 819].) That rule has support in other cases. (*Metcalf* v. *Drew,* 75 Cal.App.2d 711 [171 P.2d 488]; *Hartke* v. *Abbott, supra,* 106 Cal.App. 388; *Warner Bros. Co.* v. *Freud, supra,* 131 Cal. 639; *Patterson* v. *Keeney, supra,* 165 Cal. 465.) ■ Moreover, it has been said: ". . . it is difficult to conceive how his [appellant's] payment of the judg-

ment can give rise to any estoppel against his seeking to avoid it for error. . . . The better view, we think, is, that though execution has not issued, the payment of a judgment must be regarded as compulsory, and therefore as not releasing errors, nor depriving the payor of his right to appeal, unless payment be by way of compromise and settlement or under an agreement not to appeal or under circumstances leaving only a moot question for determination.'' (Freeman on Judgments, § 1165, p. 2410.) That statement was quoted with approval in *Warner Bros. Co.* v. *Freud, supra,* 131 Cal. 639. (See, also, 2 Am.Jur., Appeal and Error, § 221; 29 L.R.A. (N.S.) 22; 4 C.J.S., Appeal and Error, § 214b.)

There have been contrary statements. (*Hurt* v. *Bauer,* 37 Cal.App. 109 [173 P. 601]; *Morneault* v. *National Surety Co.,* 37 Cal.App. 285 [174 P. 81]; *Churchill* v. *More,* 7 Cal.App. 767 [96 P. 108], dictum; *People's Home Savings Bank* v. *Sadler,* 1 Cal.App. 189 [81 P. 1029], dictum; *Everts* v. *Matteson, supra,* 46 Cal.App.2d 14, dictum.) The contrary statements in the last cited cases are out of harmony with the authorities cited above and must be considered as disapproved.

In the foregoing authorities, section 1049 of the Code of Civil Procedure was invoked,* but it was held not to foreclose the right of appeal where the payment of the judgment by appellant was compulsory (*Kenney* v. *Parks, supra,* 120 Cal. 22; *Preluzsky* v. *Pacific Co-operative C. Co., supra,* 195 Cal. 290; *Metcalf* v. *Drew, supra,* 75 Cal.App.2d 711; *Vermont Marble Co.* v. *Black, supra,* 123 Cal. 21; *Yndart* v. *Den, supra,* 125 Cal. 85) and the same has been held where the payment was voluntary. (*Warner Bros. Co.* v. *Freud, supra,* 131 Cal. 639; *Hartke* v. *Abbott, supra,* 106 Cal.App. 388.) ▮ It may be said that there has been no satisfaction under section 1049 in the sense that it was intended that the litigation was to be at an end—the right of appeal waived. *Brochier* v. *Brochier,* 17 Cal.2d 822 [112 P.2d 602], in saying that a satisfaction is the end of a proceeding adds nothing for it was not concerned with the right to appeal.

In the instant case there is no indication that the payment of the judgment for costs was by way of compromise or pursuant to an agreement not to prosecute an appeal. The main

---

*Code Civ. Proc., § 1049, provides: ''An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied.''

portion of the judgment—the merits of the case—that plaintiff take nothing, is the part under attack on appeal.

The motion to dismiss the appeal is denied.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.