Filed 12/28/15  Suojanen v. USA Specialized Services CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| BILL SUOJANEN, | G049555 |
| Plaintiff, Cross-complainant and Appellant, | (Super. Ct. No. 30-2010-00427473) |
| v. | O P I N I O N |
| USA SPECIALIZED SERVICES, INC., et al., | |
| Defendants, Cross-defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Gail A. Andler, Judge.  Affirmed.  Motion to augment the record is denied.  Motions for judicial notice are denied.

Law Offices of Michael G. York, and Michael G. York, for Plaintiff, Cross-complainant and Appellant.

Law Offices of David J. Harter, and David J. Harter; The Ressler Firm and Kurt A. Ressler, for Defendant, Cross-defendant and Respondent USA Specialized Services, Inc.

Kathleen Strong, in pro. per., for Defendant, Cross-defendant and Respondent.

*          *          *

Bill Suojanen appeals from an order authorizing disbursement of $81,490.23 in enforcement fees and costs to USA Specialized Services, Inc., (USA) in payment of its claim for attorney fees and costs incurred to enforce its judgment lien against Suojanen.

This case commenced with Suojanen's complaint for declaratory relief, in which he sought to adjudicate the disputed claims of certain third parties to share in a large attorney fee award issued in favor of Suojanen and his clients as a sanction in the underlying case (*Jneid v. TriPole Corp.* (Dec. 17, 2009, G039500) opn.mod Jan. 15, 2010 [nonpub. opn.]). However, Suojanen did not name USA's predecessor, which had filed a judgment lien in the case, as a defendant in the declaratory relief complaint. It became involved as a party to this litigation only after being named in cross-complaints filed by two of the defendants whose lien claims Suojanen did dispute, each of who sought to establish the priority of their claims over that of USA's predecessor. USA later succeeded to its predecessor's judgment.

Suojanen argues the trial court erred in holding him responsible for USA's fees and costs pursuant to Code of Civil Procedure section 685.040 (all further statutory references are to this code) because under *Slates v. Gorabi* (2010) 189 Cal.App.4th 1210, 1212 (*Slates*), fees and costs incurred by a lien claimant for the sole purpose of litigating *the priority* of its judgment lien as against the liens of other claimants are not considered costs of *enforcing* the judgment.

2

We affirm. In *Slates*, the trial court concluded the judgment debtors were mere "bystanders" in the battle for priority between the two lien claimants, and it inferred the Legislature intended that a debtor's liability for fees and costs incurred in enforcing a judgment would turn on whether that expense was incurred as a result of the debtor's failure to cooperate in satisfying the judgment. Suojanen can take no refuge in such a rule because he willfully subverted USA's lien rights when he negotiated to have a portion of the attorney fee award paid directly to himself, without satisfying USA's lien, and then filed a complaint which placed at issue the validity of all lien claims as against the attorney fee award. USA had no choice but to enforce its lien claim in this action.

FACTS

Suojanen represented plaintiffs through trial in the underlying case and obtained a large judgment in their favor. That judgment was reversed on appeal, however, based on this court's determination that evidentiary and issue sanctions imposed by the trial court against the defendant, Novell, Inc., had been too severe. In connection with the reversal, we ordered Novell to pay plaintiffs their costs, expenses and attorney fees incurred in connection with the first trial. (*Jneid v. TriPole Corp., supra*, G039500.) The trial court later ordered Novell to pay approximately $300,000 in costs and expenses and $700,000 in attorney fees. We affirmed that order on appeal. (*Jneid v. Novell* (Sept. 23, 2011, G044491) [nonpub.opn.].)

In July 2010, before the sanction order was final, Novell made an advance payment of $250,000 directly to Suojanen, without satisfying any of the several liens filed in the case, including a $17,500 judgment lien filed by USA's predecessor, Veritext, in April 2007.

3

In November 2010, four months after that advance payment, Suojanen and his clients in the underlying case commenced this litigation by filing an action for declaratory relief.  The complaint named four defendants:  (1) Kathleen Strong; (2) a corporation called Dunlap, Dunlap and Peck; (3) a corporation called Accuride International, Inc.; and (4) Wendy Reed.  The complaint also named 10 Doe defendants.  The complaint alleged Suojanen's representation of his clients in the underlying action, and that the plaintiffs had been awarded $700,000 in attorney fees as part of the court's award of sanctions.  The complaint further alleged each of the named defendants claimed a lien against the attorney fee portion of the sanction award, and that a dispute exists because Suojanen and his clients contend the attorney fee award belongs solely to Suojanen, and defendants dispute that.

The complaint alleged a controversy has arisen about several specific issues, including whether Strong or Dunlap has a claim or lien against the attorney fee award, and "the validity of *any* claims and/or liens against the [a]ttorney [f]ee [a]ward, the priority among *any* claims and/or liens, and the amounts due under *any* claims and/or liens."  (Italics added.)

Although USA's predecessor, Veritext, had a recorded lien in the case, it was not named as a defendant in Suojanen's declaratory relief action.  Both Strong and Reed filed cross-complaints against Veritext, however, seeking declaratory relief to establish the priority of the various liens.  Moreover, the court ordered the unpaid portion of Novell's sanction be deposited with the court in this action pending resolution of the various claims.  Consequently, any party seeking to enforce its right to payment out of the sanction money was required to pursue its claim in this case.

In March 2013, Veritext assigned its judgment against Suojanen, and all rights associated with that judgment, to USA.

4

The case was bifurcated into several phases and in July 2013, the trial court tried the issues of the validity of Strong's and Reed's liens, and the priority of all the liens filed. As to priority, the court ruled the Veritext lien, then owned by USA, was in first place. The court also ruled that the issue of USA's right to attorney fees would be handled by motion.

By stipulation of the parties, USA's motion for the fees and costs it incurred in this case to enforce its judgment against Suojanen was adjudicated in this case, rather than in the underlying collection case in which Veritext's judgment was obtained. The court noted the amount and reasonableness of the fees were not in dispute, only USA's entitlement to recover them. Suojanen argued, based on *Slates*, that because he did not name Veritext in his complaint, and its successor USA became involved in the litigation only because Veritext was named in cross-complaints filed by competing claimants, he cannot be held responsible for USA's fees and costs. The trial court rejected that argument and awarded USA $79,586 in attorney fees, plus $1,922.26 in costs.

On October 22, 2013, the trial court ordered all parties to appear in court on November 1, 2013 "if there is still a dispute regarding the second amended proposed order" for distribution of the funds held by the court.

On October 31, 2013, Strong filed a notice of judgment lien specifying that a money judgment was entered on June 27, 2007, in favor of "Lexis-Nexis Group, a Div. of Reed Elsevier, Inc." in the case of *Lexis-Nexis v. Suojanen* (Super. Ct. Orange County, 2013, No. 06HL04537). In that notice, Strong identified herself as the "lien claimant" in her capacity as "Assignee of Lexis-Nexis," but included no evidence supporting that claimed assignment.

The parties appeared in court on November 1, and all agreed to the court's disbursement of $81,490.23 to USA. Strong registered her opposition to any release of

5

funds to Suojanen. On November 19, the court issued its final order. The order specified that the $109,365.19 held by the court, plus the $6,500 held in the trust account of attorney Paul Majors "shall be disbursed to the Law Office of Michael G. York, client trust account." And "[u]pon the receipt of the funds being held by the court," York "shall pay from the trust account the $81,490.23" to USA, and "[t]he balance of the funds . . . shall be held by [York] in a fiduciary capacity and subject to any liens."

DISCUSSION

*1. Jurisdiction*

Respondent Strong challenges this court's jurisdiction to adjudicate Suojanen's appeal. Her argument borders on frivolous. What Strong asserts is that because USA was made a party to the litigation solely in the capacity of cross-defendant, by virtue of the cross-complaints filed by herself and Reed, the subsequent dismissal of those cross-complaints somehow placed USA's fee award against Suojanen beyond the power of this court to review. As Strong explains it: "Because Suojanen never sued Veritext/USA, Suojanen had no right to hold Veritext/USA in this action beyond its dismissal dates. That is how litigation – at its most basic level – works. The court has jurisdiction over the dispute only until the parties who sued each other either work it out, or there is a final judgment between the parties who sued each other." In Strong's view, "Suojanen is now asking this Court to allow him to prosecute someone else's cross-complaint (i.e., Strong's) even after that party had fully and finally dismissed it against Veritext/USA. No can do."

Not surprisingly, Strong has cited no authority to support her argument. The basic concept Strong has failed to grasp is that USA's right to an award of attorney fees and costs against Suojanen is not an issue she – or Reed – "sued" USA for in their

6

cross-complaints. Those cross-complaints may have been the trigger that required USA to *incur* fees in this litigation, but they are not the source of USA's *right* to those fees.

USA's right to recover attorney fees and costs against Suojanen arises out of its status as a judgment creditor and the remedy granted to it by section 685.040. USA exercised that right by filing a motion with the trial court. The court ruled on the motion and Suojanen filed a timely appeal challenging the propriety of ruling. We have jurisdiction to decide such appeals. That is how litigation – at its most basic level – works.

*2. Waiver of Appeal*

Both USA and Strong also argue that Suojanen waived his right to appeal the fee and cost award because he stipulated to the court's order disbursing the funds it had held during the pendency of the litigation, which included a provision specifying that USA would be paid $81,490.23. The argument is not persuasive.

By stipulating to the court's disbursement of the funds it held, Suojanen was merely acknowledging that the proposed distribution was in accordance with the trial court's rulings in the case. He was not necessarily agreeing to the correctness of those rulings, nor was he acting in a manner inconsistent with the exercise of his right to appeal. Instead, Suojanen was acting in a manner indistinguishable from a party who voluntarily pays a judgment to avoid incurring interest pending an appeal. And while "a waiver will be implied where there is *voluntary compliance* with a judgment, as when the judgment debtor satisfies the judgment by making payment to the prevailing party under its terms," such a waiver "occurs only where the compliance was '. . . by way of compromise or with an agreement not to take or prosecute an appeal.'" (*Lee v. Brown* (1976) 18 Cal.3d. 110, 115.) Otherwise, "'payment of a judgment must be regarded as compulsory, and therefore as not releasing errors, nor depriving the payor of his right to

appeal." (*Reitano v. Yankwich* (1951) 38 Cal.2d 1, 4.) Because Suojanen's stipulation to disbursement operated, at most, like a voluntary payment of a judgment, and there is no evidence that his doing so was part of a compromise or agreement to waive his right to appeal, it does not demonstrate any such waiver.

Alternatively, respondents argue Suojanen waived his right to appeal because the order disbursing the funds to USA also benefitted him, by specifying that the funds remaining after USA's payment "shall be held by the Law Office of Michael G. York [Suojanen's attorney] in a fiduciary capacity and subject to any liens." Again we disagree. "[A]s a general proposition, one who *accepts* the *benefits* of a judgment cannot thereafter attack the judgment by appeal. . . . 'The right to accept the fruits of a judgment, and the right of appeal therefrom are not concurrent. On the contrary, they are totally inconsistent. An election to take one of these courses is, therefor, a renunciation of the other.'" (*Lee v. Brown, supra*, 18 Cal.3d at p. 114.)

"As is so often the case, however, application of the rule has generated a number of equitable exceptions. A waiver is not implied, for example, in those cases in which appellant is concededly entitled to the accepted benefits, and his right to them is unaffected by the outcome of the case on appeal. [Citation.] Stated another way, one may appeal from a portion of a severable and independent judgment while accepting the benefits of the unaffected remainder of the judgment." (*Lee v. Brown, supra*, 18 Cal.3d at p. 115.) This case presents such a severable order. Suojanen's right to the benefits of the funds remaining after USA's payment is unaffected by the outcome of this appeal.

Finally, respondents claim Suojanen impliedly waived his right to appeal by acquiescing in a characterization of the order awarding fees to USA as a "final order," and by not mentioning he planned to appeal that ruling. We reject this claim as well. The trial court's minute order awarding fees to USA reflects, on its face, that it was not final; it expressly instructs USA "to prepare the appropriate order and give notice."

8

(*Davis v. Taliaferro* (1963) 218 Cal.App.2d. 120; *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1091 ["'where a formal order is required, a minute order is not appealable'"].)  A party's mere silent acquiescence to the erroneous characterization of a court order cannot change the terms of that order.  Only the court can do so.

*3. The Merits*

Section 685.040 allows a judgment creditor to recover from the debtor "the reasonable and necessary costs of enforcing a judgment. . . .  Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5."  In this case, it is undisputed USA's judgment included such an award.

However, Suojanen opposed USA's motion for fees and costs, claiming that because he did not name USA's predecessor in his complaint for declaratory relief, and did not directly challenge the validity or enforceability of its lien, USA's participation in this case was limited to establishing the *priority* of its judgment lien as against the liens of other claimants to the attorney fee award.  Suojanen argued that based on *Slates*, such limited participation would not qualify as *enforcement* of USA's judgment, and thus the fees and costs it incurred could not be recovered against him under section 685.040.

We are not persuaded.  In *Slates*, two different creditors were attempting to satisfy judgments against the debtors arising out of the same underlying action.  It was undisputed that the debtors had only one asset available to satisfy the judgments, and that asset was inadequate to satisfy both in full.  Consequently, the other creditor sued Slates to establish the priority of its judgment.  Slates incurred fees and costs to defend the priority of its own judgment, and ultimately prevailed.  Slates then filed a claim against

9

the debtors to recover those fees and costs under section 685.040.  The trial court denied that claim on the basis the debtors "did not challenge Slates's judgment against them" and were "bystanders to the battle between Slates and Ghadrdan over who had priority to [debtors'] assets."  (*Slates, supra*, 189 Cal.App.4th at p. 1214.)  The court inferred that when section 685.040 was enacted, "the Legislature envisioned the propriety of an attorney fee award as turning on the judgment debtor's postjudgment conduct, with the Legislature intending that the judgment debtor's possible liability for postjudgment fees [would] serve as encouragement for the debtor's cooperation in satisfying the judgment." (*Id.* at p. 1215.)  And because the debtors in *Slates* had not been uncooperative – they simply lacked sufficient assets to pay both judgments – the court concluded the statute's purpose would not be served by holding them liable for Slates' fees and costs.

This case is distinguishable from *Slates*.  While Suojanen may not have named USA's predecessor,Veritext, as a defendant, it was the substance of his complaint for declaratory relief that required it be joined as a party in the litigation.  Section 389, subdivision (a), states:  "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action *shall be joined as a party in the action if* (1) in his absence complete relief cannot be accorded among those already parties or (2) *he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest*."  (Italics added.)

Here, the subject matter of Suojanen's complaint for declaratory relief was the proper disposition of the remaining attorney fee award to be paid by Novell, and it placed at issue "the validity of *any* claims and/or liens against the Attorney Fee Award, the priority among *any* claims and/or liens, and the amounts due under *any* claims and/or liens." (Italics added.)  Suojanen certainly knew that Veritext claimed an interest in the attorney fee award, by virtue of its lien.  And any disposition of the action without

10

including Veritext/USA would – at least as a practical matter – impair USA's ability to protect the interest in those funds which was secured by its lien. Given those circumstances, Veritext (and hence its successor, USA) was a necessary party to the complaint for declaratory relief.

Because Suojanen was required to name Veritext in his complaint, it is he – and not the two defendants who effectively cured his error by naming Veritext in their cross-complaints – who is responsible for bringing it into this lawsuit, and requiring it to incur fees and costs to participate. Moreover, Veritext/USA was forced to litigate this matter as an enforcement action, not only because Suojanen's complaint questioned the validity of the lien as against the attorney fee award, but because the balance of the attorney fee award was deposited directly with the trial court in this case, requiring all claimants that wished to claim a share before distribution to Suojanen, to prove their entitlement in this action.

And finally, *Slates* is distinguishable because Suojanen clearly violated the requirements of what he now characterizes as USA's undisputed lien when he arranged with Novell to pre-pay $250,000 of the anticipated sanction amount *directly to him* in July 2010, without satisfying this relatively small judgment ($17,500) secured by that lien. That is not the act of a debtor who is *cooperating* in the satisfaction of the judgment against him. At best, his pre-payment arrangement with Novell reflects Suojanen actually did dispute the validity of the Veritext/USA lien – contrary to what he now claims – and thus concluded it would not be wrongful to ignore it until forced to do otherwise. At worst, it reflects an intentional effort to subvert what Suojanen did recognize as a valid lien.

Having done either of those things, Suojanen cannot claim refuge under *Slates*, which contemplated that liability for a claimant's enforcement costs would "turn[] on the judgment debtor's postjudgment conduct, with the . . . judgment debtor's possible

11

liability for postjudgment fees serv[ing] as encouragement for the debtor's cooperation in satisfying the judgment." (*Slates, supra*, 189 Cal.App.4th at p. 1215.) By his conduct, Suojanen violated Veritext/USA's judgment lien and caused them to incur substantial fees and costs to obtain payment of the judgment against him in this litigation. The court did not err by holding him responsible for those fees and costs.

*4. Requests for Judicial Notice and Motion to Augment*

USA asks us to take judicial notice of (1) a memorandum of costs it filed in the underlying collection case that culminated in its predecessor's judgment against Suojanen (*Veritext /California Reporting Company, LLC v. Suojanen, et al.* (Super. Ct. Orange County, 2013, No. 6HL05032), reflecting USA's claim to the fees and costs ordered by the court in *this* case on August 27, 2013; and (2) the register of actions in that underlying case reflecting Suojanen filed no motion to strike that cost memorandum or tax those claimed fees and costs in *that* case. USA claims these documents are relevant to demonstrate Suojanen waived any objection to the inclusion of the claimed costs in the underlying collection judgment, and thus they became a part of that judgment. He argues it would undermine the finality of *that* judgment if we allowed Suojanen to challenge the fee and cost award included therein, in this appeal. We deny the request because we do not reach that issue.

Strong has asked us to take judicial notice of an order she obtained in *Lexis-Nexis v. Suojanen* (Super. Ct. Orange County, 2014, No. 06HL04537), dated February 27, 2014 – i.e. three months after the disbursement order Suojanen appeals from – assigning to her (as assignee of plaintiff Lexis-Nexis Group) all of Suojanen's "right to payments due, or to become due," to the extent necessary to collect the full amount of the judgment in that case. The relevance of this order is unclear, but we infer Strong believes it would be relevant to demonstrate that if the award of fees and costs to USA were

12

reversed in this appeal, any funds returned to the court should be applied to payment of that judgment. The award is not reversed, and we consequently deny the request.

And finally, Suojanen has moved to augment the record, to include copies of two pleadings and a hearing transcript that were omitted from the record he designated. We deny that motion as untimely because as USA points out, all briefing was already completed when the motion was filed.

## DISPOSITION

The order is affirmed. Respondent USA is to recover its costs on appeal. No costs are awarded to respondent Strong.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

ARONSON, J.

13