[S. F. No. 11003. In Bank.—December 30, 1924.]

GEORGE C. BALDWIN et al., Appellants, v. AMERICAN TRADING COMPANY (a Corporation), et al., Respondents.

[1] APPEAL—MOTION TO DISMISS—WHEN QUESTION NOT MOOT.—The matters involved in an appeal from an order refusing to grant plaintiff's application for an injunction *pendente lite* and dissolving a temporary restraining order and injunction theretofore issued have not become moot by reason of the fact that since the making of the order appealed from the lower court on the trial granted a motion for nonsuit and denied a motion for leave to file an amended and supplemental complaint, where both of said orders were afterward set aside, and motions to vacate the orders vacating the previous orders are still pending before the trial court; and a motion to dismiss the appeal upon the ground that the questions involved in the appeal are moot, will be denied.

---

(1) 4 C. J., p. 584, sec. 2396.

MOTION to dismiss an appeal from an order refusing to grant an injunction. Denied.

---

1. What constitutes moot case, note, **Ann. Cas.** 1918B, 558. See, also, 2 R. C. L. 169; 2 Cal. Jur. 749.

The facts are stated in the opinion of the court.

Frank J. Golden, Humphrey, Grant, Zimdars & Warren and Frank M. Angelotti for Appellant.

Knight, Boland, Hutchinson & Christin for Respondents.

RICHARDS, J.—The respondent herein, American Trading Company, moves the court for an order dismissing this appeal. The appeal is from an order of the trial court made and entered on October 25, 1923, refusing to grant the plaintiffs' application for an injunction *pendente lite* in the above-entitled action and dissolving the temporary restraining order and injunction theretofore issued therein. The sole ground of said motion is that since the making and entry of the said order appealed from the trial court has made and entered its judgment in said action against the plaintiffs and appellants and in favor of the defendants and respondents herein, and that thereby this appeal has become moot. The motion is based upon the transcript herein and the proceedings, pleadings and files in said cause. In order to determine the merits of this motion a chronological statement of the history of this cause as shown by the proceedings, records, and files therein would seem to be required. The plaintiffs, as stockholders of the La Zacualpa-Hidalgo Rubber Company, commenced this action on June 19, 1923, for the purpose of obtaining an injunction restraining certain of the defendants who are sued as the directors of said rubber company from transferring the property thereof to the defendant American Trading Company and also to have a certain instrument providing for such transfer declared invalid, and for certain other incidental forms of relief. The plaintiffs upon filing their complaint procured an order to show cause why an injunction *pendente lite* should not be granted and also procured a restraining order pending the hearing upon said order and as a condition thereof were required to give and did give a three thousand dollar injunction bond. A hearing being had upon said order to show cause, the trial court on October 27, 1923, made its order discharging said order to show cause and vacating and dissolving the temporary restraining order and injunction it had theretofore made.

On October 29, 1923, the plaintiffs appealed to this court from said last-named order and in due course have presented and filed herein their transcript on appeal. In the meantime the main cause apparently came to issue before the trial court and a hearing was had thereon on or about May 12, 1924, in the course of which the defendants made a motion for nonsuit and the plaintiffs made a motion for leave to file an amended and supplemental complaint. Both of these matters being on for hearing on said date, the trial court made an order granting the defendants' motion for nonsuit and denying the plaintiffs' motion for leave to file said amended and supplemental pleading. On the ninth day of June, 1924, the plaintiffs' motion for an order vacating and setting aside the aforesaid order granting the defendants' motion for nonsuit came on for hearing before the trial court and upon said hearing the court made on said date its order granting said motion. On June 13, 1924, the plaintiffs renewed their motion for leave to file an amended and supplemental complaint, noticing said motion for the twentieth day of June, 1924. The defendant American Trading Company also and about the same time made a motion for an order of the trial court vacating and setting aside the order of the trial court made on June 9, 1924, vacating its prior order granting a nonsuit. Both of these motions came on for hearing before the trial court on or about June 20, 1924, and were submitted to it for decision. Thereafter and on June 21, 1924, the trial court made the following order:

"In this cause the motion to vacate and set aside order vacating and setting aside order granting motion for nonsuit, and the motion to file amended and supplemental complaint, having been heretofore submitted to the court for consideration and decision, and the court now having fully considered the same, and being fully advised in the premises,

"Thereupon, it is ordered said submission be, and the same is hereby vacated and set aside, and said motions set for August 25, 1924, at 2:00 P. M."

[1] The obscurity which veils the foregoing order of the trial court when read by itself disappears when it is considered in the light of the previous orders of the trial court which are above recited in their chronological order, and its last-named order, when so considered, clearly appears to be

nothing more nor less than an order setting aside *the sub-mission* of the defendants' motion to vacate the order of June 9, 1924, which in its turn had set aside the previous order of May 12, 1924, granting a nonsuit; and also setting aside *the submission* of the plaintiffs' motion for leave to file further pleadings, and setting both of said matters for further hearing on August 25, 1924. It nowhere appears herein that either of said matters has as yet been heard before the trial court; and this being so, the state of the case in so far as the main action was concerned at the time the said defendants' motion to dismiss this appeal came on finally for hearing before this court was that the order of the trial court made on May 12, 1924, granting the defend-ants' motion for nonsuit had been set aside by the order of the trial court made on June 9, 1924; that a motion to vacate said last-named order is still pending and undisposed of before the trial court; that the plaintiffs' renewed motion for leave to file further pleadings on the main case is also still pending and undisposed of in the trial court. It follows necessarily that the matters presented upon this appeal have not become moot for the reason urged by the said respondent or for any reason yet presented to this court, and hence that said motion to dismiss should be and is hereby denied.

Shenk, J., Myers, C. J., Lawlor, J., Lennon, J., Seawell, J., and Waste, J., concurred.