Barceló, Marqués & Cía., *S. en C.*, Plaintiff and Appellant, *v.* Sucrs. de José Fernández, *S. en C.*, Juan Pizá and Rafael Quiñones Vidal, Defendants and Appellees.

No. 8302.  Argued January 20, 1941.—Decided February 11, 1941.

*Dubón & Ochoteco*, for appellant.  *E. Martínez Rivera*, for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Appellees request the dismissal of the appeal filed in this case.  Both parties were heard upon the motion the 20th of last January, and they filed afterwards memoranda in support of their respective claims.

From the motion and the certificate which accompanied it, it appears that on October 9, 1940, Barceló, Marqués & Cía., *S. en C.*, filed suit before the District Court of San Juan against Sucrs. de José Fernández, *S. en C.*, Juan Pizá and Rafael Quiñones Vidal requesting the issuance of a permanent injunction against them and praying that until the preliminary writ should be issued, a restraining order should be entered against the defendants.

The same day that the complaint was filed, the court issued the restraining order which had been requested and ordered the appearance of the defendants to show cause "why

the preliminary injunction should not be issued'', setting the hearing for the 15th of the same month of October, 1940.

On said day defendant filed a demurrer to the complaint which was granted on the 22nd of November next, on the following terms:

"The demurrer filed by the defendants, granted, the restraining order is set aside and the petition for a preliminary injunction is likewise denied."

After said decision had been notified to the parties on the 25th of November, plaintiff on the 5th of December, appealed from it to this Court.

In this state of affairs, two days later, plaintiff appellant filed in the district court a motion requesting permission to file an amended complaint, which permission was granted by the court, defendants being granted ten days to plead against the amended complaint. The prayer of said complaint is the same as that of the original complaint, that is, a permanent injunction is requested by it, and until this is issued, a preliminary injunction and a restraining order are likewise requested.

Basing themselves on these facts, defendants appellees maintain that the appeal taken to this Court against the decision of November 22, 1940, has become academic and for said reason they request its dismissal.

■■ In our opinion, the dismissal lies. In the case of *Romero et al.* v. *Romero et al.*, 33 P.R.R. 105, 106, this Court, through Mr. Justice Wolf, expressed itself as follows:

" . . . When an amended pleading is filed as a substitute for the original pleading the latter ceases to be part of the record, except to decide for the purposes of prescription when the action was in fact commenced and whether a new action has been introduced, or something of this sort. *Barber* v. *Reynolds,* 33 Cal. 497; *Kelly* v. *McKibben,* 54 Cal. 192; *Redington* v. *Cornwell,* 90 Cal. 50; *Collins* v. *Scott,* 100 Cal. 446; *Tehama* v. *Sisson,* 152 Cal. 179; *Collins* v. *Gray,* 3 Cal. App. 726; *Ross* v. *Flynn,* 189 Pac. 293; *Hansen* v. *Goodrich* (Mont.) 181 Pac. 739."

Ten years later the rule established in that case was cited with approval in *Pérez* v. *Court,* 47 P.R.R. 546, 550.

The attitude assumed by plaintiff appellant when it filed an amended complaint in the lower court is inconsistent with that which it assumed when it filed this appeal, and both cannot stand together.

To support its contention that this appeal is not academic, plaintiff appellant cites the case of *Baldwin* v. *American Trading Co.,* 195 Cal. 209. We have examined said case and although we find that the decision has certain points of contact with this one, it is true nevertheless that it was based on facts and circumstances which were somewhat different from those in this case.

Perhaps the question involved in this appeal may not be completely academic in the future, but the party cannot be permitted to continue its suit in the lower court and at the same time prosecute this appeal in this Court. As we have already said, the attitudes assumed by the appellant in one and the other court are completely inconsistent, and said party having requested permission to amend its complaint after having filed this appeal and said permission having been granted with the result that an amended complaint was filed in the lower court and the suit continued, it must be understood to have discontinued its appeal.

Furthermore, the nature of the order appealed from is a question which must be taken into consideration and which militates in favor of the dismissal of the appeal, and to this effect it is convenient to cite the case of *Succession of Padró* v. *Lloreda,* 24 P.R.R. 715 and the recent decision of this Court in *Méndez & Cía.* v. *District Court,* 57 P.R.R._____.

The motion must be granted and as a result the appeal dismissed.