[Civ. No. 17564. Second Dist., Div. One. Nov. 2, 1950.]

CERTIFIED GROCERS OF CALIFORNIA, LTD. et al., Respondents, v. STATE BOARD OF EQUALIZATION et al., Appellants.

Fred N. Howser, Attorney General, and Bayard Rhone, Deputy Attorney General, for Appellants.

Carter & Potruch and John T. Binkley for Respondents.

DRAPEAU, J.—Certified Grocers of California, Ltd., is a cooperative corporation, organized under provisions of the Corporations Code. It is a wholesale grocer, selling to its members only. Each member is a retail grocer, and each member owns 10 shares of stock of the cooperative. There are

approximately 1,500 members. Periodically, dividends, called patronage dividends, are paid to stockholders, returning to each his share of surplus-savings and earnings. (Corp. Code, § 12805.)

State Board of Equalization issued to the cooperative an off-sale beer and wine wholesaler's license. The cooperative sold by the case to its members only.

The board accused the cooperative of selling to retail licensees at a price less than the effective posted price on file with the board; also of giving rebates. This accusation was based upon the practice of paying patronage dividends to stockholder-members. A little over 1½ per cent of the wholesale price was returned to the stockholders.

After hearing, the board suspended the license indefinitely.

The superior court ordered a writ of mandate, commanding the board to set aside the suspension, and not to enforce its provisions. From this judgment the board appeals.

The board contends that payments of the patronage dividends violate section 38e of the Alcoholic Beverage Control Act. (2 Deering's Gen. Laws, Act 3796.) This section requires that all posted prices "shall be strictly adhered to" and that any violation of the law shall be a misdemeanor. The board also contends that these payments violate section 55.7 of the act, prohibiting gifts or free goods in connection with the sale of alcoholic beverages.

An opinion by the attorney general, dated April 20, 1938, states the view of his office as follows:

"The obvious purpose of Section 38e is to make public the prices charged by the manufacturers and wholesale distributors of beer so that competitors may know the prices being charged and thus be in a position to compete with such prices. The provisions of Section 38e also aid in enforcing the provisions of Section 54 which prohibits manufacturers and wholesalers from being interested in the business of retailers and from giving secret rebates and secret concessions.

"Obviously a posted price which is not immediately mathematically certain defeats the very purposes for which Section 38e was enacted. No competitor can know the price to sell at so as to compete with another product when the price of that product is posted at so much, 'subject to patronage dividends or refunds.' Indeed, such a posted price on its face shows that it is not the true selling price.

"Therefore, in my opinion, any posted price which is not immediately mathematically certain does not comply with

Section 38e and price lists containing any posted prices not so immediately mathematically certain should be rejected. Such would be price lists which list a price, subject to a patronage dividend or refund.''

The cooperative contends that patronage dividends are not rebates within the meaning of the law; that it has the legal right as a corporation to distribute its profits to its stockholders; and that it was an abuse of discretion for the board to suspend the license. In support of this contention the cooperative argues that, under state laws relative to corporations and their powers, it has the right to distribute its surplus-savings and earnings to shareholders, and that the Alcoholic Beverages Control Act may not infringe upon that right.

It is to be observed that under our corporation laws the cooperative is empowered to declare patronage dividends; and that the ruling of the State Board of Equalization puts it out of business, at least insofar as the purchase of liquor for its members is concerned.

This court is unwilling to hold that the Alcoholic Beverage Control Act repeals that part of the Corporations Code applicable to payment of patronage dividends by cooperative corporations. This view of the law is supported by the policy of every state permitting the people to cut down the cost of insurance by membership in mutual insurance companies.

A cooperative corporation is authorized by statute to distribute its earnings to shareholder-patrons, in amounts based upon the volume of business such patrons transact with the corporation. (Corp. Code, § 12805(c).)

A cooperative corporation is authorized by statute to engage in any lawful business. (Corp. Code, § 12201.)

Any person may lawfully engage in the wholesale liquor business if authorized to do so by a license issued pursuant to the provisions of the Alcoholic Beverage Control Act. (Deering's Act 3796, § 3.)

A person within the meaning of the Alcoholic Beverage Control Act includes any association, corporation, or any other group or combination acting as a unit. (Deering's Act 3796, § 2(f).)

It is the function of the courts to construe and apply the law as it is enacted, and not to add thereto, nor to detract therefrom. (*Pacific Coast etc. Bank* v. *Roberts,* 16 Cal.2d 800 [108 P.2d 439] ; Code Civ. Proc., § 1858.)

■ Appellant also urges that the judgment may not stand because two retail grocer members of the cooperative were made parties plaintiff. Members of a cooperative have identity of interest with the corporation not present in an ordinary corporation. (Corp. Code, § 12201.) In any event, even if the retailers were not necessary parties, they were not improper parties. (*City of San Buenaventura* v. *McGuire,* 8 Cal.App. 497 [97 P. 526, 528].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 26, 1950.