[Civ. No. 8139. Third Dist. Mar. 5, 1952.]

STOCKTON THEATERS, INC. (a Corporation), Plaintiff and Appellant, v. EMIL PALERMO, Defendant and Appellant.

Freed, Gebauer & Freed for Plaintiff and Appellant.

Smith & Zeller for Defendant and Appellant.

PEEK, J.—This is a motion by defendant and cross-appellant Palermo (1) to dismiss plaintiff's appeal on the ground that plaintiff by accepting the costs awarded to it in a judgment against said defendant has waived its right of appeal, and (2) to terminate and discharge certain attachments levied at plaintiff's request on certain property owned by Palermo on the ground that plaintiff's appeal was not filed within the time permitted by section 946 of the Code of Civil Procedure.

The present proceeding is the outgrowth of an action instituted by the theater corporation against Palermo and his attorney, the defendant Macomber, for an accounting and for restitution of certain theater premises owned by Palermo and leased to plaintiff. From the record before us it appears that the court in considering the accounting made by Palermo took testimony on approximately 35 separate items of account; that during the course of said hearing the parties conceded some of said items to be proper charges; that Palermo conceded portions of other items to be improper and that as to the remaining items the court upon highly conflicting evidence determined them to be as found. Thereafter, on April 27, 1951, the court entered judgment for a portion of the amount plaintiff claimed to be due it from defendants. The decree provided that plaintiff have judgment for its costs against Palermo and that Palermo take nothing on his cross-complaint against plaintiff, that plaintiff take nothing as against the defendant Macomber, and that said defendant have judgment for his costs. On May 1, 1951, plaintiff served and filed its memorandum of costs and disbursements. Defendants then moved to tax costs and on May 16, 1951, the court made its order taxing costs in the sum of $122.50. On May 18, 1951, Palermo's counsel drew their check in favor of plaintiff's counsel in said sum and mailed the same to the latter who thereafter deposited said check in their trustee account. On May 7, 1951, plaintiff filed its notice of intention to move for a new trial and on June 5, 1951,

the same was denied. On June 7, 1951, plaintiff filed its notice of appeal from said judgment and on June 25, 1951, defendant Palermo filed his notice of appeal therefrom.

While it is true that a party is held to have waived his right of appeal by acceptance of the benefits of a judgment (*San Bernardino County* v. *Riverside County*, 135 Cal. 618 [67 P. 1047]), the rule is not without exception. (See *Reitano* v. *Yankwich*, 38 Cal.2d 1 [237 P.2d 6].)

Thus it has been held where the appeal by the accepting party is such that the review is limited to the question of whether appellant is entitled to additional relief, the appellant is not held to have waived his right of appeal. (*Estate of Clark*, 190 Cal. 354 [212 P. 622].) We think the fact that Palermo has also appealed cannot alter the rights of appellant.

In *Walnut Irr. Dist.* v. *Burke*, 158 Cal. 165 [110 P. 517], the court was presented with a problem quite similar to the present proceeding, both on the facts and issues raised. The trial court therein had determined that both the plaintiff and defendants were entitled to portions of the water diverted from the San Gabriel River and specified with particularity the manner by which the parties might use the waters so diverted. In addition it adjudged that defendants recover their costs from plaintiff. Subsequently, the plaintiff paid and the defendants accepted the costs so awarded by the judgment. Following defendants' appeal plaintiff moved to dismiss the same on the ground that defendants by their acceptance of benefits of the judgment were estopped from prosecuting the appeal. In denying the motion the court said:

"If the judgment should be reversed for a new trial, the judgment for the costs which defendants have received would be vacated and their ultimate right thereto would depend upon the result of the new trial. The appeal, in that event, would directly affect their right to that which they have accepted, they would be estopped from prosecuting it and the court would necessarily refuse such relief or dismiss the appeal. But this would not be true, if the relief which the defendants seek by their appeal can be given by a modification of the judgment, eliminating therefrom the part which was erroneously adjudged against them, leaving the remainder in force. A reversal for that purpose would not require a new trial nor affect their right to the costs already received. No injustice would thereby be done to the plaintiff. It will

have paid that which it should have paid, and no more. Under the rules above stated there would be no estoppel, and the appeal may be retained, unless upon an examination of the merits it appears that a new trial must be ordered.''

The court then concluded to defer consideration of the motion to dismiss the appeal until such time as the same could be determined together with the appeal on its merits. Since the instant case presents a situation wherein the possibilities noted by the Supreme Court in. the above cited case might likewise arise, it would appear that a like conclusion is equally applicable to the problem presented in this proceeding.

■ Defendants' second motion, which is predicated upon their interpretation of said section 946 of the Code of Civil Procedure as to its applicability to the situation here presented, does not appear to be well founded. In the instant case plaintiff was the prevailing party in the trial court. Had the situation been reversed, that is, if the judgment had been in favor of Palermo, and had plaintiff sought to appeal, then the situation would have come squarely within the statute cited and relied upon by defendants. However, such is not the case, and since the lien of attachment has now merged with the judgment said section has no applicability.

The motion to vacate the attachments is denied, and, as previously noted, the motion to dismiss plaintiff's appeal is deferred, to be considered and determined together with the appeal on its merits.

Van Dyke, J., and Schottky, J. pro tem., concurred.