[Sac. Nos. 6600, 6732. In Bank. Dec. 7, 1956.]

STOCKTON THEATRES, INC. (a Corporation), Appellant,
v. EMIL PALERMO et al., Respondents.

(Two Cases.)

470

Freed & Freed, Eli Freed and Eugene A. Mash for Appellant.

Smith & Zeller for Respondent Palermo.

CARTER, J.—Stockton Theatres, Inc., appeals from two orders (1) that portion of an order retaxing costs filed .on December 17, 1954, which granted the motion of defendant Palermo to retax costs as to the premiums on a surety bond to preserve an attachment on appeal; (2) from a minute order of January 27, 1955, granting the motion of defendant Palermo to enter satisfaction of judgment and to discharge the liens created by the recording of abstracts of judgment and to release all levies of attachment or execution.

On June 5, 1944, Emil Palermo, the owner and lessor of the Star Theatre in Stockton, brought an action for declaratory relief against the lessee, Stockton Theatres, Inc., in an endeavor to have the lease declared void because the stockholders of the lessee were Japanese nationals. On June 11, 1945, the lease was declared void. Immediately thereafter Palermo brought an action for forcible detainer and a judgment was rendered in his favor whereby he obtained possession of the theater. Stockton Theatres appealed from both judgments. The judgment in the declaratory relief action was reversed by this court in *Palermo* v. *Stockton Theatres, Inc.*, 32 Cal.2d 53 [195 P.2d 1]. This had the effect of adjudicating that the lease was valid and that under it Stockton Theatres was entitled to possession of the theater as a tenant thereof.

Stockton Theatres then brought an action for restitution. During the pendency of the first appeals Palermo had operated the theater profitably and Stockton Theatres asked that he be compelled to account to it for the income he had derived therefrom. The trial court took an account and adjudged that Stockton Theatres recover from Palermo the sum of $13,658.75. Both parties appealed. The appeal was decided in favor of Stockton Theatres and the judgment

of the lower court was modified to provide that Stockton Theatres recover the sum of $45,992.12 rather than the sum of $13,658.75 and that Stockton Theatres was entitled to recover costs on appeal. (*Stockton Theatres, Inc.* v. *Palermo,* 121 Cal.App.2d 616 [264 P.2d 74].*)

Stockton Theatres levied an attachment concurrently with the filing of the action for restitution. After the judgment was rendered against Palermo and prior to filing notice of appeal, Stockton Theatres filed an undertaking to preserve the attachment on appeal. Palermo then moved to discharge the attachment on the ground that Stockton Theatres had not complied with the time limitation of section 946 of the Code of Civil Procedure. The motion was denied in *Stockton Theaters, Inc.* v. *Palermo,* 109 Cal.App.2d 616, 619 [241 P.2d 54] (no petition for hearing), where the court had this to say: "Defendants' second motion, which is predicated upon their interpretation of said section 946 of the Code of Civil Procedure as to its applicability to the situation here presented, does not appear to be well founded. In the instant case plaintiff was the prevailing party in the trial court. Had the situation been reversed, that is, if the judgment had been in favor of Palermo, and had plaintiff sought to appeal, then the situation would have come squarely within the statute cited and relied upon by defendants. *However, such is not the case, and since the lien of attachment has now merged with the judgment said section has no applicability.*" (Emphasis added.) It appears that the court in the last cited case was of the opinion that because Stockton Theatres had recovered a portion of its demand in the trial court (even though it later appealed on the ground that it was entitled to recover the full amount of its demand) the section was inapplicable. Section 946 provides in part that: "An appeal does not continue in force an attachment, unless an undertaking be executed and filed on the part of the *appellant* by at least two sureties, in double the amount of the debt claimed by him, that the *appellant* will pay all costs and damages which the respondent may sustain by reason of the attachment, in case the order of the court below be sustained; and unless, within five days after written notice of the entry of the order appealed from, such appeal be perfected." (Emphasis added.)

On the appeal in the restitution case, Stockton Theatres

---

*A detailed statement of the history of the litigation may be found in 32 Cal.2d 53 [195 P.2d 1] and 121 Cal.App.2d 616 [264 P.2d 74].

argued that it was entitled to $116,341.25. The bond premium necessary (in accordance with section 946, Code of Civil Procedure) for a sufficient bond to preserve the attachment during the pendency of the appeal amounted to a total sum of $6,980.49. When the remittitur came down, Stockton Theatres filed its memorandum of costs and disbursements on appeal. This memorandum included the amount of $6,980.49 for premium on the bond to preserve the attachment on appeal. Palermo objected to the inclusion of the bond premium as an item of costs. The court granted Palermo's motion to tax costs on appeal as to this item on the ground that section 1035 of the Code of Civil Procedure did not apply to costs on appeal. An offer of costs less the amount of the bond premium as full satisfaction was refused by plaintiff. Palermo then moved to require Stockton Theatres to release the attachment and enter a satisfaction of judgment; Stockton Theatres objected on the ground that there was unpaid interest due on the judgment owing it, and on the ground that an appeal had been taken by it from the order retaxing costs. At the hearing on Palermo's second motion the interest due Stockton Theatres was paid by Palermo. Subsequently a written order was entered granting Palermo's motion that satisfaction of judgment be entered in the action; that the levy of attachment be released and that the liens created by recordation of abstracts of judgment be discharged.*

As a preliminary matter Palermo's argument concerning the "law of the case" must be discussed. ▌ It will be recalled that the District Court of Appeal in *Stockton Theaters, Inc.* v. *Palermo*, 109 Cal.App.2d 616, 619 [241 P.2d 54], held that section 946 of the Code of Civil Procedure had no application to a situation where a *plaintiff* who has recovered a smaller amount than that sued for, appeals from the judgment to an appellate court. Section 946 is not so limited. It provides that "An appeal does not continue in force an attachment, unless an undertaking be executed and filed on the part of the *appellant* by at least two sureties, in double the amount of the debt claimed by him, that the *appellant* will pay all costs and damages which the *respondent* may sustain. . . ." etc. It therefore clearly appears that the statement in the opinion of the District Court of Appeal is incorrect. Palermo argues here that because of the holding

*This matter will be discussed.

which he contends has become the law of the case, Stockton Theatres has no legal authority to seek the cost of the premium on the bond as an item of costs on appeal. It seems that for the purposes of the law of the case, the statement heretofore referred to which held that section 946 was only applicable where the defendant had prevailed in the trial court may be considered dictum. The court concluded as follows: "The motion to vacate the attachments is denied, and as previously noted, the motion to dismiss plaintiff's appeal is deferred, to be considered and determined together with the appeal on its merits." *If,* as previously set forth, the District Court believed that the lien of attachment had "merged with the judgment [and] said section [946] has no applicability," it would appear that defendants' motion to discharge the attachment should have been granted rather than denied. This could, however, apply only insofar as the judgment went—to the sum of $13,658.75 awarded to plaintiff. ▇ The discussion or determination of a point not necessary to the disposition of a question that is decisive of the appeal is generally regarded as obiter dictum and not as the law of the case. We held in *Allen* v. *California Mut. Bldg. & Loan Assn.,* 22 Cal.2d 474, 489 [139 P.2d 321], that "This discussion is obviously based upon the erroneous assumption that the presentation of a claim by the investor was still required under the 1935 amendment, and this in spite of the inclusion of the words 'without presenting a claim' in the statute. And the doctrine of the law of the case does not require this court to follow an interpretation which is clearly obiter dictum. The statement of facts in the discussion, assumed for the purpose of illustrating the necessity of the court's construction of the statute, presupposed a situation. . . ." ▇ In the instant case the court presupposed a situation for the purpose of illustrating its theory of how the statute should be construed. The illustration was clearly erroneous and it is obvious that the decision was not predicated upon the court's construction of the statute. Hence, we are not bound to follow the District Court's erroneous interpretation of the scope of section 946 of the Code of Civil Procedure under the doctrine of the law of the case. (See also *Hammond* v. *McDonald,* 49 Cal.App.2d 671 [122 P.2d 332]; 4 Cal.Jur.2d, § 698, p. 604; *Millsap* v. *Balfour,* 158 Cal. 711 [112 P. 450]; *Mulford* v. *Estudillo,* 32 Cal. 131.) In order to avoid confusion the holding of

the District Court of Appeal in this respect is specifically disapproved.

Section 961 of the Code of Civil Procedure, which became effective in 1943, provides that "The Judicial Council shall have the power to prescribe by rules for the practice and procedure on appeal, and for the time and manner in which the records on such appeals shall be made up and filed, in all civil actions and proceedings in all courts of this State. . . .

"The rules reported as aforesaid shall take effect on July 1, 1943, and thereafter all laws in conflict therewith shall be of no further force or effect."

Section 1034 of the Code of Civil Procedure provides that "In appeals from the superior and municipal courts, costs shall be awarded as provided in rules adopted by the Judicial Council. . . . The party entitled to costs, or to whom costs are awarded, may recover all amounts actually paid out by him in connection with said appeal, and the preparation of the record for the appeal. . . ." (Stats. 1945, ch. 40, § 5.)

Rule 26(c) of the Rules on Appeal (36 Cal.2d 22, 23) lists certain costs which may be recovered. The premium paid on a bond to preserve an attachment on appeal is not one of the items of costs listed.

Section 1035 of the Code of Civil Procedure, which was added to the Code in 1951 (Stats. 1951, ch. 1327, § 1) provides: "Whenever in this code or by other provision of law costs are allowed to a party to an action or other proceeding, such costs shall include the premium on any surety bond which was procured by the party entitled to recover costs in connection with the action or proceeding unless the court determines that the bond was unnecessary."

Section 1035 has, apparently, never before been construed by an appellate court. Stockton Theatres argues that it is a general provision and applies to the appellate stage of a proceeding as well as to the trial stage; Palermo contends that it applies only to the trial stage and that rule 26(c) of the Rules on Appeal is the exclusive measure of the costs which may be recovered on appeal. Stockton Theatres argues that the Legislature had the power to adopt section 1035 and that it superseded any rule in conflict with it. Palermo concedes that the Legislature had the power to provide in section 1035 that the premium on a surety bond was a proper item of costs on appeal, but argues that it did not do so because the appeal stage was not specifically set forth in the section. The statute is general—it specifies

neither the trial nor appeal stage of an action or proceeding. The general rule is that a court is not authorized in the construction of a statute, to create exceptions not specifically made. If the statute announces a general rule and makes no exception thereto, the courts can make none. (23 Cal.Jur., § 120, p. 743; *Gagliardo* v. *Hoberlin,* 18 Cal. 394, 396; *Los Angeles Ry. Corp.* v. *Los Angeles County Flood Control Dist.,* 78 Cal.App. 173 [248 P. 532]; *In re Goddard,* 24 Cal.App.2d 132 [74 P.2d 818]; *In re De Neef,* 42 Cal. App.2d 691 [109 P.2d 741]; *Adams* v. *Herman,* 106 Cal. App.2d 92 [234 P.2d 695]; *People* v. *Clark,* 106 Cal.App.2d 271 [235 P.2d 56]; *Certified Grocers of Calif., Ltd.,* v. *State Board of Equalization,* 100 Cal.App.2d 289 [223 P.2d 291].)

It appears to us that the Legislature intended, by the enactment of section 1035 of the Code of Civil Procedure in 1951, to include the cost of a bond premium at both the trial and appeal stages. In so holding, section 1035 does not repeal section 1034 as contended by Palermo, but merely adds an additional item of recoverable costs to those set forth in rule 26(c) of the Rules on Appeal. Section 961 of the Code of Civil Procedure does not provide that the Judicial Council shall have the power to prescribe all the rules for the practice and procedure on appeal, although it does provide that after the effective date of the Rules on Appeal all laws in "conflict therewith shall be of no further force or effect." It cannot seriously be argued that the Legislature does not have the power to enact, subsequently, a statute which would have the effect of amending the existing rule (26(c)) listing additional items of costs to be recovered on appeal. Section 1a of article VI, subsection (5), of the state Constitution provides that the Judicial Council shall "Adopt or amend rules of practice and procedure for the several courts *not inconsistent with laws that are now or that may hereafter be in force*; and the council shall submit to the Legislature, at each regular session thereof, its recommendations with reference to amendments of, or changes in, existing laws relating to practice and procedure." (Emphasis added.) As the court said in *Lane* v. *Superior Court,* 104 Cal.App. 340, 344 [285 P. 860]: "The rule-making power of the Judicial Council would seem to be limited by any existing law, the Constitution reserving to the legislature and the people the primary and higher right to provide rules of procedure for our courts with the secondary right in the Judicial Council, to adopt rules only, when and where

the higher authority of the legislature and the people has not been exercised.''

There is no merit in Palermo's contention that section 1035 is not applicable to the case at hand because Stockton Theatres' appeal was taken and the bond posted on June 7, 1951, and section 1035 did not become effective until September, 1951. We held in *Hogan* v. *Ingold,* 38 Cal.2d 802, 814 [243 P.2d 1, 32 A.L.R.2d 834], that '' '[C]osts are given only by statutory direction and their allowance depends on the terms of the statute in force at the time of the accrual of the right to have them taxed. This time, in regard to costs on appeal, is the time of the rendition of the judgment on appeal. It follows that the rule pertaining to the allowance of costs may be changed or modified by statute during the pendency of the proceeding.' '' In the case under consideration Stockton Theatres, Inc., was allowed costs on appeal by a decision rendered on November 30, 1953. (See *Stockton Theatres, Inc.* v. *Palermo,* 121 Cal. App.2d 616 [264 P.2d 74].)

Section 1035 which permits the premium on any surety bond to be included as an item of costs to the party to whom costs are allowed includes the qualification ''unless the court determines that the bond was unnecessary.'' Palermo argues that the court's order disallowing the premium on the bond is, in effect, a finding that the bond was unnecessary. The trial court, however, disallowed the cost of the bond premium on the ground that such a cost was not specified in rule 26(c), Rules on Appeal, and that section 1035 of the Code of Civil Procedure did not apply at the appeal level.

Having concluded that section 1035 of the Code of Civil Procedure permits as an item of costs on appeal the premium on a bond where one is required by law (Code Civ. Proc., § 946) in order to preserve an attachment, the cause must be reversed and remanded for a determination by the trial court as to whether or not a bond was necessary in the case under consideration.

The second appeal involved here is from the order directing the entry of a satisfaction of judgment and a release of all attachments. Stockton Theatres argues that it was entitled to rely upon its attachment for security for recovery of the bond premiums; that if defendant Palermo desired to have the levy of attachment released he could have given an undertaking under sections 554 and 555 of the Code of Civil

Procedure in the amount of the costs demanded by Stockton Theatres. It is contended that a satisfaction of the judgment is the last act and the end of the proceedings (*Brochier* v. *Brochier*, 17 Cal.2d 822, 825 [112 P.2d 602]; *Cason* v. *Glass Bottle Blowers Assn.*, 113 Cal.App.2d 263 [247 P.2d 931]) and that except where a valid release is given, or there is a lawful agreement otherwise providing, a judgment may be satisfied or discharged only by payment in full with accrued interest and costs (2 Freeman on Judgments, 5th ed., p. 2329). It would appear that since the judgment creditor (Stockton Theatres, Inc.) cannot prevent the judgment debtor (Palermo) from avoiding possible liability for accruing interest, pending an appeal, by refusing tender of the amount due (*People* v. *Roath*, 62 Cal.App.2d 241 [144 P.2d 648]), that the trial court properly entered a satisfaction of judgment as to the amount of the judgment, interest, and the undisputed costs. However, Stockton Theatres appealed from the order retaxing costs as to the amount of $6,980.49 which was stricken by the trial court. The judgment creditor may accept a tender of that portion of the judgment favorable to him and to which he is admittedly entitled without losing his right to appeal from a severable portion of the judgment unfavorable to him (*Stein* v. *Simpson*, 37 Cal.2d 79 [230 P.2d 816]). Section 554 of the Code of Civil Procedure provides, in part, that whenever any defendant has appeared in the action "such defendant may upon reasonable notice to the plaintiff, apply to the court in which the action is pending, or to the judge thereof, for an order to discharge the attachment wholly, or in part; and upon the execution of the undertaking mentioned in the next section, an order may be made releasing from the operation of the attachment, any or all of the property of such defendant attached. . . ." Section 555 provides for the undertaking which the court or judge "must require" before making such an order.

 It appears that the trial court erred in releasing Stockton Theatres' attachment without taking into consideration the amount of the cost of the bond premium which was the subject of a pending appeal, and in ordering a full satisfaction of judgment. The order of the trial court would have been correct had defendant complied with sections 554 and 555 of the Code of Civil Procedure as heretofore set forth.

For the reasons heretofore set forth the orders appealed from are reversed and the trial court directed to determine the necessity for the bond required to preserve the attachment

pending appeal, and, if it is determined that such bond was necessary, allow the amount of the premium paid therefor as an item of the costs on appeal to which plaintiff is entitled. The amount so allowed to be a lien upon any property of Palermo covered by the attachment heretofore levied.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.