VAN DYKE, P. J.
This is an appeal from an order allowing interest on costs on appeal.
Respondent prevailed on an appeal from a judgment on the merits and was allowed its costs on appeal. (Stockton Theatres, Inc. v. Palermo, 121 Cal.App.2d 616, 632 [264 P.2d 74].) On December 17, 1954, the trial court taxed the costs, *324 allowing respondent $1,097.37, but disallowing the amount of the premium paid for a surety bond given to preserve attachments pending the appeal. On December 23, 1954, appellant’s attorney forwarded a check in the amount of $997.37 to respondent’s attorney and requested a satisfaction of judgment. On December 27, 1954, respondent’s attorney replied, as follows:
“I acknowledge receipt of your letter dated December 23, 1954, enclosing a certified cheek to the order of Stockton Theatres, Inc. and Eli Freed its attorneys, in the amount of $997.37. In your letter you state that the check is intended to cover the cost bill on appeal filed by Stockton Theatres, Inc., less the amount stricken by court order. (For your information our computation on this basis is $1,097.37.)
“We are returning your check enclosed. We have been instructed to take an appeal from the decision of the court disallowing the premiums on the surety bond preserving the attachment on appeal. If you desire to tender a check for any amount as payment to be credited in your favor against the amount which will ultimately be allowed by final judgment, without prejudice whatsoever to the rights of Stockton Theatres, Inc. to appeal from the decision of the court, we shall be glad to recommend acceptance by Stockton Theatres, Inc.”
On December 28, 1954, appellant’s attorney forwarded to respondent’s attorney a certified check in the amount of $1,097.37. The check was returned, although the record does not disclose the reason, and it was not until May 14, 1959, that the costs on appeal in the amount of $1,097.37 were discharged. Interest thereon to the latter date was thereafter granted by the trial court, apparently on the theory that appellant’s offer of payment on December 28, 1954, was not unconditional, as required by section 1494 of the Civil Code, as the letter of transmittal stated:
‘ ‘ Since this now satisfies in full the judgment and all costs, I request that you send me a Satisfaction of Judgment by return mail.” (Emphasis added.)
The amount of $1,097.37 did not include “all” of respondent’s costs on appeal, as the trial court had disallowed the amount of the premium paid for the surety bond and to which amount the Supreme Court ultimately held respondent was entitled. (Stockton Theatres, Inc. v. Palermo, 51 Cal.2d 346, 352 [333 P.2d 10].) Nevertheless, respondent could have accepted the tender of the $1,097.37 without losing his *325 right of appeal from that portion of the order which disallowed as a cost on appeal the amount of the premium paid for the surety bond. (Stockton Theatres, Inc. v. Palermo, 47 Cal. 2d 469, 478 [304 P.2d 7].) Respondent could not by refusal of the tender prevent the stopping of the running of interest. (Civ. Code, § 1504.) Even if appellant’s “request” for a satisfaction of judgment conditioned the tender, he was entitled to make the tender dependent upon respondent’s giving him a satisfaction of the judgment and costs in the amount of $1,097.37. (Civ. Code, § 1498.) At that time the $1,097.37 was “all” the costs which had been allowed. If respondent believed that appellant was demanding a satisfaction of the cost of the bond premium, which had been disallowed, he should have objected to that improper condition. It does not appear from the record that he did so. Consequently, such objection was waived. (Civ. Code, §1501; Code Civ. Proc., §2076; Kofoed v. Gordon, 122 Cal. 314, 320 [54 P. 1115].)
The judgment is reversed.
Schottky, J., and Warne, J. pro tern.,* concurred.
A petition for a rehearing was denied April 12, 1960, and respondent’s petition for a hearing by the Supreme Court was denied May 25, 1960. Dooling, J. pro tem.,* participated therein in place of Spence, J.

Assigned by Chairman of Judicial Council.