[Civ. No. 21519. First Dist., Div. Three. April 21, 1964]

ORTON SABRAW et al., Plaintiffs and Appellants, v. BARNARD KAPLAN et al., Defendants and Respondents.

Sabraw and Avera and Fred E. Avera for Plaintiffs and Appellants.

Buresh, Smith, Truett & Durham and Harold J. Truett for Defendants and Respondents.

DRAPER, P. J.—The sole issue on this appeal is the validity of plaintiffs' claim for $609.22 interest. Plaintiffs recovered

judgment on a contract for construction of a building and defendants had judgment on their cross-complaint for delay in completion. Only plaintiffs appealed from the judgment, and their appeal attacked only the award under the cross-complaint. Defendants promptly, in December 1960, deposited in bank to plaintiffs' order the sum of $3,709.46, the full net amount, with interest, then due. Judgment on the cross-complaint was reversed, as to one item of $1,330. Defendants then deposited, for plaintiffs' account, a sum sufficient to make up the additional net amount thus due on the judgment, including all interest except that on the $3,709.46 deposited in 1960. Plaintiffs accepted the total without prejudice to their claim of interest on the sum first deposited. On defendants' motion, satisfaction of judgment was ordered entered, and plaintiffs appeal.

Plaintiffs contend that their acceptance of the 1960 deposit would have amounted to voluntary acceptance of the benefit of the judgment, and thus barred their appeal (*Mathys* v. *Turner*, 46 Cal.2d 364 [294 P.2d 947] ; *Preluzsky* v. *Pacific Co-operative Cafeteria Co.*, 195 Cal. 209 [232 P. 970] ). But that rule has no application when the appeal is limited to a specific and severable portion of the judgment, which can be reversed without affecting appellant's right to retain the fruits of other portions (*Coffman* v. *Bushard*, 164 Cal. 663 [130 P. 425] ; *People* v. *Roath*, 62 Cal.App.2d 241 [144 P.2d 648] ; *Stockton Theatres, Inc.* v. *Palermo*, 179 Cal. App.2d 323 [3 Cal.Rptr. 767] ).

On their first appeal, plaintiffs attacked only the judgment against them on the cross-complaint. Since defendants did not appeal, there was no attack on the judgment in favor of plaintiffs on the complaint. Reversal of the judgment for cross-complainants, although it did serve to increase the net amount required to satisfy the judgment, could in no way affect plaintiffs' separate recovery on their complaint. It follows that plaintiffs' acceptance of payment of the full amount of their judgment, less credit for the then judgment on the cross-complaint, would not have barred prosecution of the appeal.

"An obligation for the payment of money is extinguished" by offer and immediate deposit in bank in the name of the creditor (Civ. Code, § 1500). Plaintiffs could not, by refusal of a proper tender, continue the accrual of interest agint defendants (*Stockton Theatres, Inc.* v. *Palermo*, 47 Cal.2d 469, 478 [304 P.2d 7] ; *Stockton Theatres, Inc.* v.

*Palermo, supra,* 179 Cal.App.2d 323, 325; Civ. Code, § 1504). Here there was more than mere tender. The deposit extinguished the obligation, and clearly terminated the running of interest on the amount deposited.

Order affirmed.

Salsman, J., and Devine, J., concurred.