Filed 6/17/15; pub. & mod. order 7/9/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SIRY INVESTMENTS, L.P., | B251250 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC372362) |
| v. | |
| SAEED FARKHONDEHPOUR et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Malcolm Mackey, Judge. Affirmed.

Wilson, Elser, Moskowitz, Edelman & Dicker, Robert Cooper, for Plaintiff and Appellant.

Mohammad A. Fakhreddine, Law Offices of Mohammad A. Fakhreddine, for Defendants and Respondents.

\* \* \* \* \* \*

After we issued an opinion in a prior appeal in this case, but before our remittitur issued, the Judicial Council amended California Rules of Court, rule 8.278 to allow the prevailing party on appeal to collect the "net interest expenses incurred" in borrowing funds for an appeal bond. The trial court thereafter awarded such expenses to the prevailing party in the prior appeal on the basis of the newly amended rule. Concluding there was no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Siry Investments, L.P. ("Siry") sued two of its former business partners, defendants Saeed Farkhondehpour (Farkhondehpour) and Morad Neman (Neman) (collectively, defendants), in their individual and trustee capacities, for breach of fiduciary duty. A jury awarded Siry compensatory and punitive damages. On appeal, we overturned the jury's special verdict as "fatally indefinite" and remanded for a new trial. We issued our opinion on December 12, 2012. Siry filed a petition for rehearing on December 27, 2012, which we denied on January 7, 2013. The California Supreme Court denied Siry's petition for review and we issued the remittitur on March 27, 2013.

To forestall execution of the judgment during the pendency of their (ultimately successful) appeal, defendants had arranged for a surety to post two bonds covering the amount of the judgment. (Code Civ. Proc., § 917.1.) Neman's bond was for $1,093,387.50, and Farkhondehpour's was for $1,528,083.90. Both Neman and Farkhondehpour gave the surety these same amounts in cash as collateral, and also paid the surety a yearly premium during the appeal's pendency.

Following our disposition of the appeal in defendants' favor, defendants sought to recover, among other things, the net interest they incurred to borrow the $2,621,471.40 they used as collateral for the appeal bonds; this came to $377,157.72. Siry moved to tax this cost. The trial court denied Siry's motion, and awarded this cost to defendants.

Siry timely appeals.

## DISCUSSION

Siry's challenge to the award of net interest expenses turns on two questions: (1) Did the trial court apply the correct version of California Rules of Court, rule 8.278

2

(rule 8.278); and (2) if so, was the net interest expense properly awarded under that version of the rule?  The first question is a legal one we review de novo.  (*Andreini & Co. v. MacCorkle Ins. Service, Inc.* (2013) 219 Cal.App.4th 1396, 1405-1406 (*Andreini*).)  The second question we review de novo to the extent it proffers an interpretation of the rule (*Rossa v. D.L. Falk Construction, Inc.* (2012) 53 Cal.4th 387, 391-392 (*Rossa*); *Coito v. Superior Court* (2012) 54 Cal.4th 480, 488), and for substantial evidence to the extent it challenges the sufficiency of the evidence (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881).

We have jurisdiction to entertain this appeal notwithstanding the pending retrial. (*Krikorian Premiere Theatres, LLC v. Westminster Central, LLC* (2011) 193 Cal.App.4th 1075, 1078-1085.)

## I.     Proper version of California Rules of Court, rule 8.278

Prior to January 1, 2013, rule 8.278 authorized a court to award the prevailing party on appeal "the cost to procure a surety bond . . . and the cost to obtain a letter of credit as collateral," but the rule was silent as to whether the compensable "cost" included the fees and net interest expense incurred if the party borrowed the money to obtain the bond or letter of credit.  The California Supreme Court interpreted this silence to preclude such an award.  (*Rossa*, *supra*, 53 Cal.4th at p. 390.)  The Judicial Council thereafter amended the rule to overturn *Rossa*.  As amended, rule 8.278 reads, in pertinent part:  "A party may recover only the following costs, if reasonable:  . . . [¶] (F) The cost to procure a surety bond, including the premium, the cost to obtain a letter of credit as collateral, *and the fees and net interest expenses incurred to borrow funds to provide security for the bond or to obtain a letter of credit . . .*" (*Id.*, subd. (d)(1)(F), italics added.)  The amendment took effect on January 1, 2013.

Siry argues that the trial court erred in relying on the amended version of rule 8.278 to award net interest expenses because doing so (1) amounts to an impermissible retroactive application of the rule, and (2) denied Siry due process by not giving sufficient "advance notice" of the new rule.  Both arguments lack merit.

3

### A. Impermissible retroactivity

There is no *impermissible* retroactivity in this case because the amended version of rule 8.278 is not being applied retroactively at all. Applying a procedural law in effect at the time of a pending proceeding is not a retroactive application of that law, even if that law has changed during the pendency of the proceeding. (*Bank of Idaho v. Pine Ave. Assocs.* (1982) 137 Cal.App.3d 5, 12 ["A lawsuit is governed by a change in procedural rules made during its pendency."].) This rule applies to amendments to the rules governing the award of litigation costs. (See *Stockton Theatres, Inc. v. Palermo* (1956) 47 Cal.2d 469, 477 ["'the rule pertaining to the allowance of costs may be changed or modified by statute during the pendency of the proceeding'"], quoting *Hogan v. Ingold* (1952) 38 Cal.2d 802, 814); *Heritage Engineering Construction v. City of Industry* (1998) 65 Cal.App.4th 1435, 1439 ["[s]tatutes increasing or decreasing litigation costs, even if silent on the issue of retroactivity, have consistently applied to cases pending when they became effective"]; *Harbor View Hills Community Assn. v. Torley* (1992) 5 Cal.App.4th 343, 347 [collecting cases].)

The pertinent proceeding in this case is defendants' prior appeal, and that appeal was still pending when the amended version of rule 8.278 took effect on January 1, 2013. (Cf. *Andreini*, *supra*, 219 Cal.App.4th at pp. 1398-1399, 1405-1406 [amended rule 8.278 could not be retroactively applied to appeal that became final in 2011].) It is well settled that an appeal is not final until the court has issued its decision *and* issued the remittitur, at least when the decision is "on the merits."[1] (Cal. Rules of Court, rule 8.264(b)(1) ["[A] Court of Appeal decision in a civil appeal . . . is final in that court 30 days after filing."]; *Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 314-315 [noting that court's opinion became final 30 days after issuance]; see also *Rare Coin Galleries, Inc. v. A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330, 335-336 [appeal not

---

[1] An appellate court's rulings denying a petition for a writ of supersedeas or dismissing an appeal pursuant an agreement or stipulation are both immediately final. (Cal. Rules of Court, rule 8.264(b)(2).) This case involves no such ruling.

4

final until filing of remittitur].)  This makes sense, because the decision can be changed during the 30 days between its issuance and the issuance of the remittitur—either on the court's own motion (Cal. Rules of Court, rule 8.264(c)(1)) or in response to a petition for rehearing (*id.*, rule 8.268).  Indeed, this is why superior courts cannot entertain motions for costs until the remittitur has issued.  (*Id.*, rule 8.278(c)(1).)

Siry nevertheless contends that defendants' prior appeal became final when we issued our opinion, and for support cites *Stockton Theatres*, *supra*, 47 Cal.2d at p. 477, and *Southern Service Co. v. County of Los Angeles* (1940) 15 Cal.2d 1 (*Southern Service*).  Siry is correct that *Stockton Theatres* looked to the date the "decision [was] rendered" in assessing whether an amended cost statute was being applied retroactively.  (*Id.* at p. 477; accord, *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1145 [noting that "[t]he filing of an opinion in a reviewing court . . . constitutes the rendition of the judgment on appeal"].)  However, neither *Stockton Theatres* nor *Rubenstein* defined *when* the "decision" or "judgment" was "rendered."  More to the point, neither confronted whether the appropriate date was the date the opinion was filed or the date the remittitur issued.  *Southern Service* also does not address this issue, instead holding that the Legislature may lawfully repeal a statute authorizing a lawsuit for a tax refund and thereby terminate lawsuits based on that statute.  (*Southern Service*, at p. 12.)  Because cases are not authority for propositions they did not consider (*Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 641), the cases Siry cites do not contradict—let alone overcome—the weight of the statutory and decisional authority discussed above.

**B.      Insufficient "advance notice"**

In certain circumstances, due process may require advance notice before certain property rights may be extinguished.  (See *Texaco, Inc. v. Short* (1982) 454 U.S. 516, 531-532 (*Texaco*); *Atkins v. Parker* (1985) 472 U.S. 115, 130, superseded on other grounds by 42 U.S.C. § 601 et seq. (*Atkins*).)  This notice is often imparted as a law makes its way through the normal legislative process to enactment (*Atkins*, at p. 130), as people are "charged with knowledge of . . . relevant statutory provisions" (*Texaco*, at p. 532).

5

Assuming that Siry has a right to advance notice of a change in the rules governing costs on appeal, that notice was adequate in this case for two reasons.  First, the amendment to rule 8.278 was the product of the Judicial Council's well-settled rulemaking process.  (See generally Cal. Rules of Court, rule 10.22.)  The amendment was proposed on April 17, 2012; circulated for public comment on June 20, 2012; recirculated for adoption by the committee with an amendment on August 27, 2012; and adopted by the Judicial Council on October 26, 2012—64 days before it took effect on January 1, 2013.  (Appellate Advisory Com., Judicial Council of Cal., Rep. on Appellate Procedure:  Recoverable Costs on Appeal (Advisory Com. Report) Aug. 27, 2012, pp. 4-5.)  Siry argues that the Judicial Council did not follow its procedures because it did not solicit further public comment in August 2012, after making a change to the proposed amendment.  However, recirculation for further public comment is unnecessary if "the proposal presents a nonsubstantive technical change or correction or a minor substantive change that is unlikely to create controversy."  (Cal. Rules of Court, rule 10.22(d)(2).)  The change here clarified that the power to award "fees and net interest incurred on funds borrowed *to obtain a letter of credit* to secure an appeal bond" in the original draft amendment also reached such fees and expenses when the funds were borrowed to secure the appeal bond directly (that is, without obtaining a letter of credit as an intermediary step).  We agree with the Advisory Committee that award of fees and expenses in both situations is "indistinguishable on both a policy and functional basis" (Advisory Com. Report, at p. 5), and that further opportunity for public comment was not mandated by the Judicial Council's rules.

Second, the advance notice here was more than sufficient in any event.  *Atkins* upheld 90 days of "lead time" and *Texaco* upheld two years of "lead time."  (*Atkins*, *supra*, 472 U.S. at p. 117; *Texaco*, *supra*, 454 U.S. at pp. 531-532.)  Here, Siry had 64 days of "lead time" after the Judicial Council's adoption of amended rule 8.278 and 127 days after its recirculation in what became its final form.  Siry does not explain why such notice was insufficient.

6

## II. Application of amended rule 8.278

Siry alternatively argues that the trial court erred in determining that the $377,157.72 defendants sought to recover were "fees and net interest expenses incurred to borrow funds to provide security for the bond" under the amended rule 8.278. In particular, Siry asserts that (1) there is insufficient evidence that defendants borrowed funds, and (2) there is no evidence that the money, even if borrowed, was borrowed specifically for the purpose of securing a security bond. We reject these arguments.

Although not overwhelming, there was sufficient evidence that the $2.6 million that the defendants used as collateral for their surety bonds came from the proceeds of an earlier loan having a then-current balance of $16.5 million. Defendants provided ample evidence that they had taken this prior loan at 5.71 percent interest, secured by a certain parcel of real property. Siry argues that the loan was not taken out in their names, but the evidence shows defendants were personally liable for that loan. Farkhondehpour stated that the money was "relate[d] to" this loan, and Neman stated that "these [were] borrowed funds." This is sufficient evidence that defendants were financing the collateral for their surety bonds with the liquid proceeds of a portion of a preexisting loan made to them.

There is also no need for defendants to prove that they borrowed these funds specifically to obtain funding for their surety bond in this case. Siry points to amended rule 8.278's requirement that "the fees and net interest expenses [be] incurred to borrow funds to provide security for the bond." (Rule 8.278(d)(1)(F).) But Siry's argument asks us to rewrite the rule to mandate that "the fees and net interest expenses [be] *specifically* incurred to borrow funds to provide security for the bond." We are not allowed to do that. (*Ennabe v. Manosa* (2014) 58 Cal.4th 697, 719 ["""Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history."' [Citation.]"].)

Siry urges us to engraft a specific purpose requirement onto the rule. Siry contends this is necessary to prevent prevailing parties on appeal from financing bonds with their own never-borrowed money and thereafter seeking to collect interest on the

7

theory that they could have used their own money to pay off one of their outstanding loans, and are thus entitled to receive interest at that loan's interest rate to compensate them for this lost opportunity cost. This may well be a valid concern (see *Sequoia Vacuum Systems v. Stransky* (1964) 229 Cal.App.2d 281, 289 [disallowing cost award to "a party who was not required to borrow but could deposit his own money [to obtain a bond], to claim as costs the interest which he might otherwise be acquiring through investment elsewhere"]), but it is not one implicated in this case. That is because, as we noted above, the trial court found in this case that defendants *did* borrow the funds they put up as collateral. Siry alternatively argues that defendants still should have been required to pay off their prior loan and to take out a new loan to finance the surety bonds, even if from the same lender. But Siry's proffered requirement makes no sense: Not only does it require the prevailing party to take additional steps not mandated by the text of the rule, but it also results in the accrual of additional loan origination, financing and escrow fees—all of which are ostensibly collectible as "fees" under rule 8.278 and thus drive up the potential cost-shifting exposure to the nonprevailing party.

## DISPOSITION

The judgment is affirmed. Defendants are entitled to their costs on appeal.


_____, J.
                    HOFFSTADT

We concur:


_____, P. J.
          BOREN


_____, J.
          CHAVEZ

8

Filed 7/9/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SIRY INVESTMENTS, L.P., <br><br>     Plaintiff and Appellant, <br><br>     v. <br><br><br> SAEED FARKHONDEHPOUR et al., <br><br>     Defendants and Respondents. | B251250 <br><br> (Los Angeles County <br> Super. Ct. No. BC372362) <br><br><br> **ORDER MODIFYING OPINION, CERTIFYING OPINION FOR PUBLICATION, AND DENYING REHEARING** <br><br> **No Change in Judgment** |

THE COURT:\*

    It is ordered that the opinion filed herein on June 17, 2015, be modified as follows:

On page 5, the first full paragraph, beginning "Siry nevertheless contends" is deleted, and

the following paragraph is inserted in its place:

> Siry nevertheless contends that defendants' prior appeal became final when we issued our opinion, and for support cites *Stockton Theatres*, *supra*, 47 Cal.2d at p. 477, and *Southern Service Co. v. County of Los Angeles* (1940) 15 Cal.2d 1 (*Southern Service*). *Stockton Theatres* held that a new cost statute could be applied to an appeal, even though the statute took effect after the appeal was filed and the bond posted, because the "decision [was] rendered" after the statute's effective date. *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, also looked to the date an appellate opinion was filed, but not in the context of general retroactivity principles; instead, *Rubenstein* held that, within the meaning of a

---

\*    BOREN, P. J.            CHAVEZ, J.            HOFFSTADT, J.

statutory exception excepting certain judgments from ordinary rules of res judicata, a "judgment[] [was] entered" on the date the *appellate court* issued its opinion rather than the date the *trial court* issued the ruling being reviewed. (*Id.* at pp. 1145-1146.) Neither *Stockton Theatres* nor *Rubenstein* confronted whether, in deciding whether an appeal is still pending for retroactivity purposes, the relevant date is the date an opinion is filed or instead the date the remittitur issues. *Southern Service* also does not address this issue, instead holding that the Legislature may lawfully repeal a statute authorizing a lawsuit for a tax refund and thereby terminate lawsuits based on that statute. (*Southern Service*, at p. 12.) Because cases are not authority for propositions they did not consider (*Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 641), the cases Siry cites do not contradict—let alone overcome—the weight of the statutory and decisional authority discussed above.

There is no change in the judgment.

At the time of filing, this opinion was not certified for publication in the Official Reports.

For good cause it now appears that the opinion, as modified herein, should be published in the Official Reports and it is so ordered.

Appellant's petition for rehearing is denied.

**CERTIFIED FOR PUBLICATION.**